Citation Nr: 1504642 
Decision Date: 01/30/15 Archive Date: 02/09/15

DOCKET NO. 12-35 283 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Whether new and material evidence has been received to reopen the claim of entitlement to service connection for tinnitus.

2. Entitlement to service connection for tinnitus.

3. Entitlement to service connection for right ear hearing loss.

4. Entitlement to service connection for left ear hearing loss.


REPRESENTATION

Appellant represented by: Florida Department of Veterans Affairs


ATTORNEY FOR THE BOARD

M. Katz, Counsel


INTRODUCTION

The Veteran served on active duty from February 1975 to February 1978. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida (RO). 

The issues of entitlement to service connection for right ear hearing loss, entitlement to service connection for left ear hearing loss, and entitlement to service connection for tinnitus, are addressed in the REMAND portion of the decision below, and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. A September 2008 rating decision denied service connection for tinnitus. The Veteran did not appeal the September 2008 decision or submit new and material evidence within the one-year appeal period of that decision.

2. Evidence received since the September 2008 rating decision is new and material and sufficient to reopen the claim of entitlement to service connection for tinnitus.


CONCLUSIONS OF LAW

1. The September 2008 rating decision is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014).

2. Evidence received to reopen the claim of entitlement to service connection for tinnitus is new and material, and therefore, the claim is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2002); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

With respect to the Veteran's claim decided herein, the Board is taking action favorable to the Veteran by reopening the claim of entitlement to service connection for tinnitus. Accordingly, without deciding that any error was committed with respect to the duty to notify or the duty to assist, such error was harmless and need not be further considered as this decision poses no risk of prejudice to the Veteran. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014)

Service connection may be established for a disability resulting from diseases or injuries which are clearly present in service or for a disease diagnosed after discharge from service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 U.S.C.A. §§ 1110, 1131 (West 2002 & Supp. 2014); 38 C.F.R. § 3.303 (2014). Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009).

New evidence means existing evidence not previously submitted to VA. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2014). 

In Hodge v. West, 155 F.3d 1356, 1363 (Fed. Cir. 1998), the United States Court of Appeals for the Federal Circuit noted that new evidence could be sufficient to reopen a claim if it could contribute to a more complete picture of the circumstances surrounding the origin of a claimant's injury or disability, even where it would not be enough to convince the Board to grant a claim. In determining whether evidence is new and material, the credibility of the evidence is generally presumed. Justus v. Principi, 3 Vet. App. 510, 512-13 (1992). In Elkins v. West, 12 Vet. App. 209 (1999), the Court of Appeals for Veterans Claims held the Board must first determine whether the appellant has presented new and material evidence under 38 C.F.R. § 3.156(a) in order to have a finally denied claim reopened under 38 U.S.C.A. § 5108. Then, if new and material evidence has been submitted, the Board may proceed to evaluate the merits of the claim, but only after ensuring that VA's duty to assist has been fulfilled. See Vargas-Gonzalez v. West, 12 Vet. App. 321, 328 (1999). The Court has also held that the law should be interpreted to enable reopening of a claim, rather than to preclude it. See Shade v. Shinseki, 24 Vet. App. 110 (2010).

The RO denied service connection for tinnitus in September 2008, and notified the Veteran of the decision that same month. The Veteran did not appeal the September 2008 rating decision, and no evidence was received within the one-year appeal period that would constitute new and material evidence. Thus, that decision is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2014). 

The September 2008 rating decision denied service connection for tinnitus because the evidence did not demonstrate that the Veteran experienced tinnitus during service or that his tinnitus was related to his active duty service. Thus, in order for the Veteran's claim to be reopened, evidence must be added to the record since the September 2008 rating decision addressing this basis.

Although the RO determined that new and material evidence was presented to reopen the claim of entitlement to service connection for tinnitus, the Board does not have jurisdiction to consider a claim which it previously adjudicated unless new and material evidence is presented, and before the Board may reopen such a claim, it must so find. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001). Thus, the Board must first decide whether evidence has been received that is both new and material to reopen the claim. Consequently, the Board will adjudicate the question of whether new and material evidence has been received, furnishing a complete explanation as to its reasons and bases for such a decision.

After thorough consideration of the evidence in the claims file, the Board concludes that the evidence received since the September 2008 rating decision is new and material and sufficient to reopen the Veteran's claim for entitlement to service connection for tinnitus. In particular, the Veteran has submitted lay statements that he experienced tinnitus during service and continuously since that time. Additionally, he has provided private medical evidence linking his tinnitus to his in-service noise exposure. This evidence is new because it was not of record at the time of the September 2008 rating decision. It is material because it provides evidence of in-service tinnitus symptoms and evidence linking his current tinnitus to active duty service. See Justus, 3 Vet. App. 512-13 (the credibility of the evidence is presumed). Accordingly, the Veteran's claim for entitlement to service connection for tinnitus is reopened.


ORDER

New and material evidence having been submitted, the Veteran's claim for entitlement to service connection for tinnitus is reopened, and, to that that extent only, the appeal is granted.


REMAND

Initially, the Board observes that, since the RO last considered the Veteran's claims for entitlement to service connection for bilateral hearing loss and tinnitus in February 2014, the Veteran has submitted additional evidence without a waiver of RO consideration. In that regard, a letter and medical records from K. Donnelly, M.D., was received by the Board in April 2014, which is pertinent to the Veteran's appeal. The Veteran has not submitted a waiver of RO consideration of this newly submitted evidence. Accordingly, the Board must return the case to the RO for consideration of the additional evidence received and for the issuance of a supplemental statement of the case. See 38 C.F.R. § 19.31 (2014).

Additionally, the Board observes that, in compliance with its December 2013 Remand, the Veteran underwent a VA examination to discuss the etiology of his hearing loss and tinnitus. Although the VA examiner opined that the Veteran's right ear hearing loss and tinnitus were not related to his active duty service, the examiner failed to consider the Veteran's lay statements regarding the onset of his hearing loss and tinnitus during service and his statements that he has continued to experience those symptoms since service, as directed in the Board's December 2013 Remand. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (holding that an examination was inadequate where the examiner did not comment on the Veteran's report of in-service injury but relied on the service medical records to provide a negative opinion). Thus, the February 2014 VA opinion is inadequate, and a new VA examination must be provided with consideration of the Veteran's lay statements. Washington v. Nicholson, 19 Vet. App. 363 (2005).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a new VA audiological examination to determine the nature and etiology of any hearing loss and tinnitus disability found. The claims file and a copy of this Remand must be made available to and reviewed by the examiner in conjunction with the examination. All necessary special studies or tests must be accomplished. After a thorough review of the Veteran's claims file, to include the Veteran's lay statements of record, the medical evidence including all service treatment records, and a discussion of each, the examiner must provide the following opinion:

*Is it at least as likely as not (50 percent probability or greater) that the Veteran's hearing loss or tinnitus is related to the Veteran's active duty service, to include his in-service acoustic trauma?

In providing the requested opinion, the examiner must consider the Veteran's lay statements, to include his reports of experiencing hearing loss and tinnitus during service and continuously since service discharge. For purposes of this examination, the examiner should presume the Veteran's lay statements to be credible.

The examiner must provide a complete rationale for all conclusions reached. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation.

2. Notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claims. The consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2014).

3. When the above development has been completed, readjudicate the issues on appeal with consideration of all evidence in the claims file, including the evidence received since the February 2014 supplemental statement of the case. If any benefit sought on appeal remains denied, provide an additional supplemental statement of the case to the Veteran, and afford the Veteran an adequate opportunity to respond, prior to returning the issue to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
U. R. POWELL
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs