Citation Nr: 1706065 
Decision Date: 02/24/17 Archive Date: 03/03/17

DOCKET NO. 14-10 641 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Whether new and material evidence has been presented to reopen a claim for entitlement to service connection for a lumbar spine disability.

2. Entitlement to service connection for a lumbar spine disability.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

L. Connor, Associate Counsel




INTRODUCTION

The Veteran served on active duty from January 1967 to June 1988.

These matters come before the Board of Veterans' Appeals (Board) on appeal from an August 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota.

On his March 2014 Form 9, the Veteran requested a Travel Board hearing. His representative subsequently arranged a pre-hearing conference with the undersigned Veterans Law Judge held on January 26, 2017. At that time, the representative filed a written request seeking a favorable decision on the claims on appeal with waiver of the Board hearing and informal hearing presentation. As a favorable decision can be rendered without convening a hearing, the Board is granting the representative's request.


FINDINGS OF FACT

1. In an unappealed July 1991 rating decision, service connection for a back disability was denied on the basis that no evidence of a current disability.

2. Evidence added to the record since the July 1991 rating decision raises a reasonable possibility of substantiating the previously denied claim.

3. The Veteran's degenerative disc disease of the lumbar spine is at least as likely as not related to his in-service back injury.


 (CONTINUED ON NEXT PAGE)




CONCLUSIONS OF LAW

1. The July 1991 rating decision is final. 38 U.S.C.A § 7105 (West 2014); 38 C.F.R. §§ 3.156, 20.1103 (2016).

2. New and material evidence has been received sufficient to reopen the claim for entitlement to service connection for a lumbar spine disability. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2016).

3. The criteria for service connection for degenerative disc disease of the lumbar spine are met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duty to Notify and Assist

VA has a duty to notify and a duty to assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5103, 5103A; 38 C.F.R. §§ 3.159, 3.326(a). In light of the favorable determinations regarding the claims on appeal, VA's duties to notify and assist are deemed fully satisfied, and there is no prejudice to the Veteran in proceeding to decide the issues.

II. New and Material Evidence

VA law provides that a claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2016).

The question of whether a claimant has submitted new and material evidence to reopen a claim and the question of whether upon such reopening, a claimant is entitled to VA benefits, are questions relating to a single "matter" for purposes of the Board's jurisdiction under 38 U.S.C.A. § 7104(a). Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001). It is the Board's jurisdictional responsibility to consider whether a claim should be reopened, no matter what the RO has determined. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996).

The Court has held that the credibility of evidence must be presumed for the purpose of deciding whether it is new and material. Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

A July 1991 rating decision denied service connection for a back disability. The RO found that the Veteran's service treatment records did not contain evidence of a back disability at discharge or on post-service examination, and that there was no evidence of a relationship between any current back condition and service. As the Veteran did not appeal and new and material evidence was not received within a year of that decision, the decision became final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.156, 20.1103 (2016).

The evidence added to the record since the July 1991 rating decision includes an August 2015 letter from Dr. M.P. finding that "to a reasonable degree of medical certainty", the Veteran's recent need for spinal surgery is related to his in-service back injury. This evidence was not previously considered and it raises a reasonable possibility of substantiating the claim. The previously denied claim as to this matter is reopened.




III. Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Generally, to establish service connection, the evidence must show: (1) the existence of a current disability; (2) the existence of the disease or injury in service, and; (3) a relationship or nexus between the current disability and any injury or disease during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

During the May 2013 VA examination, the Veteran was diagnosed with degenerative disc disease of the lumbar spine and intervertebral disc syndrome of the lumbar spine. In February 2014, he underwent surgery for a lumbar herniated disk at the L4-L5 level. 

The Veteran's service treatment records indicate that he sought treatment for back pain in January 1984 after an in-service injury during an aerobic exercise. The impression was lumbar strain. Undated treatment records document a right paraspinous spasm. The Veteran's July 1988 discharge examination noted that the Veteran had a normal spine.

The Veteran was afforded a VA examination in May 2013. After a review of the records, taking a history from the Veteran, and an examination, the examiner found the Veteran's lumbar condition was less likely than not related to service. The rationale was that he did not have a specific injury to his back in service and his degenerative disc disease is clearly age related. This opinion is inadequate as the rationale for the opinion was based on an incomplete factual basis. Reonal v. Brown, 5 Vet. App. 458 (1993) (a medical opinion based on an inaccurate factual premise is not probative). As noted above, the Veteran was treated for a lumbar strain in service. The contradictory findings render the opinion inadequate.

The August 2015 letter from Dr. M.P. noted a review of the Veteran's service treatment records and post-service records showing a right L4 lumbar laminotomy and medial facetectomy and diskectomy for treatment of a lumbar disk herniation at L4-5 on the right. After taking a history from the Veteran and performing an examination, Dr. M.P. found that with a reasonable degree of certainty, the Veteran's need for surgery was related to the Veteran's in-service back injury. He explained that the service treatment records showed that the injury was worse on the right side and he believes it simply progressed over time, resulting in the need for surgery. 

The Board finds that the August 2015 private medical opinion is adequate and highly probative because the physician discussed the relevant evidence, considered the contentions of the Veteran, and provided a supporting rationale for the conclusion reached. Barr v. Nicholson, 21 Vet. App. 303 (2007); Stefl v. Nicholson, 21 Vet. App. 120 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Moreover, the private medical opinion is the most probative evidence of record. Accordingly, the Board finds that the preponderance of the evidence is for the claim and entitlement to service connection for a lumbar spine disability is warranted. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

New and material evidence having been received, the application to reopen the claim of entitlement to service connection for a lumbar spine disability is granted.

Service connection for degenerative disc disease of the lumbar spine is granted.


____________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs