**Glenn H. JACKSON, Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 01–7007.

United States Court of Appeals, Federal Circuit.

Sept. 19, 2001.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka Kansas, argued for claimant-appellant.

Lara Levinson, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Stuart E. Schiffer, Acting Assistant Attorney General; David M. Cohen, Director; and Todd M. Hughes, Assistant Director. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC. Of counsel were Carrie L. Sutherland, Attorney, Department of Justice; and Michael J. Timinski, Attorney, Department of Veterans Affairs.

Before RADER, BRYSON, and DYK, Circuit Judges.

BRYSON, Circuit Judge.

Glenn H. Jackson appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming an order of the Board of Veterans' Appeals ("Board") that denied service connection for a degenerative disc disease. Because we conclude that the Board acted within its statutory authority when it concluded that Mr. Jackson had not presented new and material evidence to reopen his claim, we affirm.

I

Mr. Jackson served in the U.S. Army in 1969 and 1970. During his induction exam, he reported a history of some lower

back pain, and he received treatment for lower back pain while in service. Mr. Jackson first applied for compensation for a back disability in January 1980. A regional office of the Department of Veterans Affairs ("DVA") denied that claim in March 1980 upon finding that Mr. Jackson had a history of back pain and that his service records did not reflect that he suffered from back problems while in service. Mr. Jackson subsequently sought to reopen his claim in 1982 and 1996. Those requests were denied because the regional office determined that Mr. Jackson had not submitted any new and material evidence to justify reopening his claim.

In December 1997, Mr. Jackson again requested that his back disability claim be reopened, and he submitted evidence to the regional office that he had not submitted previously, including additional medical records. The regional office found that Mr. Jackson had submitted new and material evidence, and it therefore reopened his claim. Upon reaching the merits, however, the regional office denied Mr. Jackson's claim for benefits on the ground that he had failed to establish that his back disability was service connected.

Mr. Jackson then appealed to the Board. The Board did not address the merits of the regional office's service-connection decision, but instead determined that Mr. Jackson had failed to present new and material evidence in support of his request to reopen his claim. Based on that finding, the Board ruled that his claim should not have been reopened, and it therefore denied service connection on that ground.

Mr. Jackson appealed the Board's decision to the Veterans Court. He argued that the Board had violated his due process rights because the regional office had already determined that new and material evidence existed and he was not notified that the "new and material evidence" issue would be in dispute before the Board. He also argued that the DVA had failed in its duty to assist him and that the Board had improperly determined that he had failed to present new and material evidence.

The Veterans Court affirmed the decision of the Board based on this court's decision in *Barnett v. Brown,* 83 F.3d 1380 (Fed.Cir.1996). Subsequently, after this court issued its decision in *Nolen v. Gober,* 222 F.3d 1356 (Fed.Cir.2000), Mr. Jackson filed a motion with the Veterans Court asking the court to reconsider its ruling in his case. The Veterans Court concluded that *Nolen* did not have the effect of repudiating *Barnett,* and it therefore denied Mr. Jackson's motion to reconsider. This appeal followed.

II

A

Mr. Jackson's first argument is that it was improper for the Board to address the question whether he had offered new and material evidence sufficient to reopen his claim after the regional office had ruled in his favor on that issue. Mr. Jackson contends that by upholding the Board's ruling that it was entitled to reach the new and material evidence issue even though the regional office had decided that issue in his favor, the Veterans Court misinterpreted 38 U.S.C. § 7104(a). Section 7104 states, in relevant part:

(a) All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

(b) Except as provided in section 5108 of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered.

██ Mr. Jackson's argument, in essence, is that section 7104(a) authorizes the Board to consider only those issues decided against the veteran by the regional office and appealed to the Board, because the Board may decide only those questions that are "on appeal." The language of section 7104(a), however, is not so restrictive. This provision states that "[a]ll questions in a matter under section 511(a)" are subject to one review. 38 U.S.C. § 7104(a) (emphasis added). Section 511(a) provides, in relevant part, that "[t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary." Those provisions make clear that even if a veteran appeals only the ultimate question of entitlement to benefits, the Board, as the agent of the Secretary, shall review all questions necessary to the decision in the matter. Cf. Bernard v. Brown, 4 Vet.App. 384, 391 (1993) ("[T]he question whether a claimant has submitted new and material evidence to reopen a claim and the question whether, upon such reopening, a claimant is entitled to VA benefits, are questions relating to a single 'matter' for purposes of the Board's jurisdiction under 38 U.S.C.A. § 7104(a).").

Although we conclude that sections 511(a) and 7104(a) authorize the Board to make a final decision on behalf of the Secretary regarding whether new and material evidence has been presented by a veteran, we do not agree with the DVA that this case is controlled by our decision in Barnett. In Barnett, we held that section 7104(b) establishes a jurisdictional bar to the reconsideration of a claim that previously had been disallowed by the Board

in the absence of new and material evidence. 83 F.3d at 1383. In this case, however, the previous denials had not been appealed to the Board, and therefore this case is not one in which the claim previously had been "disallowed by the Board," the circumstance to which the bar in section 7104(b) is expressly limited.

Although this case is not controlled by Barnett, the outcome remains the same even without the jurisdictional bar of section 7104(b). Title 38 provides that a final decision that is not appealed may not be reopened unless otherwise authorized. 38 U.S.C. § 7105(c). The Secretary is authorized to reopen such claims only "[I]f new and material evidence is presented or secured." 38 U.S.C. § 5108. To be sure, section 7104(b) is not directly applicable to Mr. Jackson's claim, because his original claim was never appealed to the Board. Thus his claim is not one that was previously "disallowed by the Board," as required by section 7104(b). However, as indicated above, sections 7105(c) and 5108 contain a parallel prohibition against reopening claims, in the absence of new and material evidence, where the claims in question have been finally rejected at the regional office level and not appealed. Thus, the statutes make clear that the Board has a jurisdictional responsibility to consider whether it was proper for a claim to be reopened, regardless of whether the previous action denying the claim was appealed to the Board.

**B**

Mr. Jackson also argues that the Veterans Court misinterpreted 38 U.S.C. § 5108 when it determined that the Board had jurisdiction to determine whether new and material evidence had been presented. Section 5108 provides,

If new and material evidence is presented or secured with respect to a claim

which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

Mr. Jackson asserts that, as used in this section, the "Secretary" refers to the regional office of the DVA, but not to the Board of Veterans' Appeals. We disagree. The statutory reference to the "Secretary" cannot be interpreted to refer only to the regional office. By statute, the Board is an agent of the Secretary, as are the regional offices. *See* 38 U.S.C. § 7101(a) ("There is in the Department a Board of Veterans' Appeals...."). This is made clear by section 7104(a), which provides that a "decision by the Secretary shall be subject to one review on appeal to the Secretary," and that "[f]inal decisions on such appeals shall be made by the Board." *See also* 38 C.F.R. § 20.101. Together, sections 5108 and 7104(a) dictate that the Board acts on behalf of the Secretary in making the ultimate decision on claims within the jurisdiction of the DVA.

Mr. Jackson argues that our decision in *Nolen* requires a contrary result. In *Nolen*, we held that the Veterans Court cannot reconsider a well-groundedness determination made by the Board. 222 F.3d at 1360. That case, however, dealt with the jurisdiction of the Veterans Court, a judicial body independent of the Secretary, to review decisions made on behalf of the Secretary by the Board. *See id.* This case, in contrast, concerns the jurisdiction of the Board, an agent of the Secretary, to review decisions of a regional office, another agent of the Secretary. The *Nolen* case addressed the Veterans Court's interpretation of 38 U.S.C. § 5107(a), concerning the well-groundedness requirement, and looked to 38 U.S.C. § 7252, concerning the jurisdiction of the Veterans Court; it did not consider section 7104 or the jurisdiction of the Board. Because section 7104(a) clearly prescribes that the Board, and not a regional office, shall make all final decisions on behalf of the Secretary, *Nolen's*

holding regarding the jurisdiction of the Veterans Court is irrelevant. Likewise, *Nolen* does not overturn *Barnett*, which addressed the Board's jurisdiction under section 7104(b).

### C

Finally, Mr. Jackson argues that he was unfairly prejudiced when the Board considered the issue of new and material evidence without providing notice to him. In making that argument, Mr. Jackson apparently invokes due process principles.

In *Nolen*, this court stated that "fundamental principles of fairness" were implicated when the Veterans Court decided an issue that neither party raised and about which neither party had prior warning. 222 F.3d at 1361. The court in *Nolen* further observed that as far as the veteran in that case was concerned, "the DVA and the Board had already declared that the claim was well grounded." *Id.*

The general principles of fairness that we found consistent with the statutory scheme in *Nolen* cannot compel a procedure that conflicts with the statutory scheme that authorizes the Board to make all final decisions on behalf of the Secretary that are necessary to a decision. The fairness issues relating to an adversarial proceeding before an independent court that were important in *Nolen* are not implicated when the appeal is to the Board, where the Secretary is asked to re-examine the regional office's decision and decide the proper disposition of the veteran's claim.

■ Furthermore, we conclude that the Board did not prejudice Mr. Jackson's ability to present his case when it ruled that his claim should not be reopened rather than addressing his reopened claim on the merits. The issue of whether Mr. Jackson's evidence justified a ruling in his

favor on the merits, which he addressed in his appeal before the Board, largely overlapped with the issue of whether the evidence he offered to the regional office was new and material. The Board found that the evidence Mr. Jackson presented to the regional office in support of his motion to reopen his claim was new but was not material. In particular, the Board noted that Mr. Jackson's new evidence, like the evidence he submitted in support of his original claim, "contain[ed] no nexus that connects the veteran's current degenerative disc disease to any incident of service." Because Mr. Jackson was on notice that he needed to persuade the Board that his newly submitted evidence established a nexus between his disability and his service, he was not prejudiced by the fact that the Board ruled that his failure on that score led to a refusal to reopen his claim, rather than a rejection of his reopened claim on the merits. We therefore reject his contention that the procedure followed by the Board prejudiced him in violation of his due process rights.

*AFFIRMED.*