http://www.va.gov/vetapp16/Files6/1644940.txt

Citation Nr: 1644940 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 14-07 447 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota

THE ISSUE

Whether new and material evidence has been submitted to reopen a claim for service connection for a right knee disorder on the basis of substitution.
 

REPRESENTATION

Appellant represented by: Jon Brown, Agent

ATTORNEY FOR THE BOARD

M. Wulff, Associate Counsel
INTRODUCTION

The Veteran served on active duty from December 1967 to December 1971. The Veteran died in October 2014, and the appellant is his surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

In January 2015, the appellant requested substitution for the claim pending at the time of the Veteran's death. In November 2016, the RO recognized the appellant as a valid substitute claimant. 

In his March 2014 substantive appeal, the Veteran requested a hearing before the Board; however, the appellant subsequently withdrew that request. Therefore, the Board deems the hearing request withdrawn. See 38 C.F.R. § 20.704(e) (2015).

This appeal was processed using the Virtual VA and the Veterans Benefits Management System (VBMS) electronic claims processing systems. 

The Board notes that additional VA medical records have been associated with the claims file since the September 2015 supplemental statement of the case. However, as the Board is reopening the claim for service connection for a right knee disorder and remanding the matter for further development, there is no prejudice with the actions taken below. The Agency of Original Jurisdiction (AOJ) will have an opportunity to consider the evidence on remand before readjudicating the merits of the claim. 

The underlying merits of the claim for service connection for a right knee disorder are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ. 
FINDINGS OF FACT

1. In a September 1972 rating decision, the RO denied service connection for a right knee disorder. The Veteran was notified of that decision and of his appellate rights, but he did not appeal or submit new and material evidence within the one-year period thereafter. 

2. The evidence received since the September 1972 rating decision relates to an unestablished fact and raises the reasonable possibility of substantiating the claim for service connection for a right knee disorder.

CONCLUSIONS OF LAW

1. The September 1972 rating decision that denied the Veteran's claim for service connection for a right knee disorder is final. 38 U.S.C.A. § 4005(c) (1970); 38 C.F.R. §§ 3.104, 19.118, 19.153 (1972).

2. The evidence received since the September 1972 rating decision is new and material, and the claim for service connection for a right knee disorder is reopened. 38 U.S.C.A. § 5108 (West 2015); 38 C.F.R. § 3.156 (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

In a September 1972 rating decision, the RO denied service connection for a right knee disorder. In that decision, the RO noted that a healed fracture of the right femur was noted at induction and that the Veteran was treated for right knee pain in January 1970 at which time he reported a history of such pain prior to service. He was diagnosed with a sprain of the right medical collateral ligament. At discharge, the incident was reported with no sequela. The RO also noted that a VA examination included a normal x-ray of the right knee, as well as normal mobility. The RO found that the Veteran's pre-service right knee condition did not increase in severity beyond it natural progression during his military service.

The Veteran was notified of the decision and of his appellate rights in a September 1972 letter. However, he did not file a notice of disagreement or submit new and material evidence within one year of receiving notice of the decision. Therefore, the September 1972 rating decision became final. 38 U.S.C.A. § 4005(c) (1970); 38 C.F.R. §§ 3.104, 19.118, 19.153 (1972).

In making this determination, the Board does note that copies of service treatment records were received after the September 1972 rating decision. The Board also notes that the VBMS electronic claims file indicates that the Veteran's service treatment records were received in December 2009. However, the Board finds that the service treatment records were associated with the claims file at the time of the September 1972 rating decision. In this regard, the September 1972 rating decision specifically referenced the Veteran's service treatment records. In addition, in a May 1972 response to a request for records, the Air Reserve Personnel Center indicated that all available service treatment records were submitted. Moreover, a July 2009 PIES response from the National Personnel Records Center noted that service treatment records were also furnished to the RO in May 1972. 

The Board further notes that the AOJ obtained the Veteran's service personnel records in January 2015. However, the Board finds that these records are not relevant to the Veteran's claim. In this regard, the service personnel records consist largely of performance reports and do not reference any right knee problems. 

Based on the foregoing, the Board finds that 38 C.F.R. § 3.156(c) does not apply in this case, and new and material evidence is required to reopen the claim. 

In December 2012, the Veteran sought to reopen his claim for service connection for a right knee disorder. In a February 2014 statement of the case, the RO determined that new and material evidence had been received to reopen the previously denied claim of entitlement to service connection for old ligament derangement of the right knee. However, regardless of the RO's actions, the Board has a jurisdictional responsibility to determine whether a claim previously denied by the RO is properly reopened. See Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).

At the time of the September 1972 rating decision, the evidence of record included the Veteran's lay statements, service treatment records, and a September 1972 VA examination report. 

The evidence received since the September 1972 rating decision includes evidence that is both new and material to the claim. In particular, the Veteran submitted two private medical opinions relating his right knee disorder to his military service. This evidence relates to a previously unestablished fact necessary to substantiate the claim. Thus, the Board finds that the evidence is both new and material, and the claim for service connection for an old ligament derangement of the right knee is reopened. See 38 C.F.R. § 3.156(a) (2015). However, as will be explained below, the Board is of the opinion that further development is necessary before the merits of the Veteran's claim can be addressed. 

ORDER

New and material evidence having been submitted, the claim of entitlement to service connection for a right knee disorder is reopened, and to this extent only, the appeal is granted.

REMAND

The Veteran was afforded a VA examination in connection with his claim in February 2014. The examiner opined that the condition claimed was less likely than not incurred in or caused by the claimed in-service injury, event, or illness. In so finding, the examiner stated that there was no evidence of ongoing care, loss of work, or other evidence of a chronic disabling condition. However, the examiner did not fully explain the medical significance of the evidentiary gap. Disorders diagnosed after discharge may still be service-connected if all the evidence establishes that the disorder was incurred in service. 38 C.F.R. § 3.303(d). Therefore, an additional medical opinion is needed.

The Board acknowledges that there are several positive nexus opinions associated with the record. In this regard, in an April 2014 private medical opinion, Dr. C.B. (initials used to protect privacy) opined that the Veteran's current right knee problems were due to the experiences/trauma that he had during military service. He further opined that the Veteran very likely had a right knee condition and pain continuously since his service injury. Similarly, in a May 2014 private medical opinion, Dr. H.M. opined that, to a greater than 50 percent probability, and considering all the medical evidence supporting literature and sound medical principles, the Veteran's current right knee problems were secondary to the injury sustained during his military service.

In support of their opinions, Dr. C.B. and H.M. both noted that, in the absence of metabolic disease or bony dysplasia, premature osteoarthritis is caused by trauma. However, Dr. C.B. also indicated that an April 2013 x-ray showed bone cortices that were consistent with renal osteodystrophy. Moreover, Dr. H.M. noted that the Veteran had no history of trauma to the right knee other than what occurred while on active duty. However, there is evidence showing that the Veteran had reported knee problems prior to service. In addition, a December 2013 VA medical record noted that the Veteran reported knee pain due to a recent fall. Thus, it appears that these opinions were based on an inaccurate or complete factual premise. 

In addition, the Board notes that the April 2014 private medical opinion from Dr. C.B. referenced a 2011 x-ray report. On remand, the AOJ should afford the appellant an additional opportunity to submit the necessary authorization to obtain any outstanding private medical records. 

Lastly, as noted above, additional VA medical records have been associated with the claims file since the September 2015 supplemental statement of the case. Although the Veteran's substantive appeal was filed after February 2, 2013, these records were obtained by VA rather than the Veteran. Therefore, there is no automatic waiver of AOJ review. 

Accordingly, the case is REMANDED for the following action:

1. The AOJ should request that the appellant provide the names and addresses of any and all health care providers who have provided treatment for the Veteran's right knee disorder that are not already of record. A specific request should be made for authorization to obtain the 2011 x-ray referenced in the April 2014 private medical opinion from Dr. N.B. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

The AOJ should also obtain any outstanding VA medical records.

2. After completing the foregoing development, the AOJ should refer the claims file to the February 2014 VA examiner, or, if she is not available, to another suitably qualified VA examiner for a clarifying opinion as to the nature and etiology of the Veteran's right knee disorder. 

The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions. 

The examiner should identify all right knee disorders that were present at any time during the appeal period up until the Veteran's death in October 2014. The examiner should also clarify whether renal osteodystrophy is a metabolic disease. 

For each diagnosis identified, the examiner should indicate whether the disorder clearly and unmistakably preexisted service. If so, he or she should state whether there was an increase in the severity of the preexisting disorder during service and whether any increase was due to the natural progression of the disorder or whether it represented a chronic worsening of the underlying pathology.

For each diagnosis identified that did not clearly and unmistakably preexist service, the examiner should state whether it is at least as likely as not (a 50 percent or greater probability) that the disorder manifested in or is otherwise related to the Veteran's military service, including as a result of any symptomatology therein.

In rendering his or her opinion, the examiner should consider the following: 1) the Veteran's lay statements regarding his symptoms of right knee pain (see, e.g., May 1972 claim and February 2013 statement in support of claim); 2) the May 2013 lay statements from the Veteran's mother and sister regarding the ongoing nature of his symptoms; 3) the January 11, 1970, service treatment record that noted the Veteran reported his right knee cap slipped out of place laterally and that it was a chronic problem that occurred prior to service; 4) the January 12, 1970, service treatment record that noted an impression of a right medial collateral ligament sprain; 5) the December 1971 report of medical history in which the Veteran reported swollen or painful joints; 6) the April 2013 private medical evaluation from Dr. A.H.; 7) the April 2014 private medical evaluation from Dr. C.B. and the finding of renal osteodystrophy; 8) the May 2014 private medical evaluation from Dr. H.M.; and 9) the September 1972 and February 2014 VA examinations. 

(The term "at least as likely as not" does not mean within the realm of medical possibility, but rather that the medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of conclusion as it is to find against it.)

A clear rationale for all opinions must be provided and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

3. The AOJ should review the examination report to ensure that it is in compliance with this remand. If the report is deficient in any manner, the AOJ should implement corrective procedures. 

4. After completing the above actions and any other development as may be indicated as a consequence of the actions taken in the preceding paragraphs, the claim should be reviewed by the AOJ on the basis of additional evidence. 

If the benefit sought is not granted, the appellant and her representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2015).

______________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs