Citation Nr: 1706032 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 11-15 737 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUES

1. Entitlement to an evaluation in excess of 40 percent for a lumbosacral strain.

2. Entitlement to service connection for a cervical spine disability, to include as secondary to the Veteran's service-connected lumbosacral strain.

3. Whether new and material evidence has been received to reopen a claim for service connection for an acquired psychiatric disability, to include posttraumatic stress disorder (PTSD) and depressive disorder as secondary to a lumbosacral strain.

4. Entitlement to service connection for an acquired psychiatric disability, to include PTSD and depressive disorder as secondary to a lumbosacral strain.


REPRESENTATION

Veteran represented by: Disabled American Veterans



WITNESSES AT HEARING ON APPEAL

The Veteran and his home healthcare nurse


ATTORNEY FOR THE BOARD

J. Gallagher, Associate Counsel


INTRODUCTION

The Veteran served on active duty from September 1966 to January 1969.

This appeal is before the Board of Veterans' Appeals (Board) from a November 2009 rating decision of the abovementioned Department of Veterans Affairs (VA) Regional Office (RO).

In February 2015, the Veteran testified during a Board hearing before the undersigned Veterans Law Judge via videoconference. A transcript is included in the claims file.

The Veteran's appeal was denied by the Board in a June 2015 decision. He filed a timely appeal with the United States Court of Appeals for Veterans Claims (Court), which vacated the June 2015 decision in a November 2016 order granting an October 2016 joint motion for remand (JMR). 

The issues of entitlement to an increased evaluation for a lumbosacral strain, service connection for a cervical spine disability, and service connection for an acquired psychiatric disability are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an October 2007 rating decision, the RO in pertinent part denied the Veteran's claim for service connection for depressive disorder. The Veteran neither appealed this decision nor submitted new and material evidence within the one year appeal period.

2. The evidence associated with the claims file subsequent to the October 2007 final denial includes evidence that relates to an unestablished fact necessary to substantiate the claim, is not cumulative or redundant of the evidence previously of record, and is sufficient to raise a reasonable possibility of substantiating the claim for service connection for an acquired psychiatric disability. 


CONCLUSION OF LAW

Evidence received since a final October 2007 rating decision is new and material; therefore, the Veteran's claim of entitlement to service connection for an acquired psychiatric disability, to include PTSD and depressive disorder as secondary to a lumbosacral strain, is reopened. 38 U.S.C.A. §§ 5108, 7105(c) (West 2014); 38 C.F.R. §§ 3.156(a), 20.1103 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran seeks to reopen his claim for service connection for an acquired psychiatric disorder, to include depressive disorder.

VA may reopen a claim that has been previously denied if new and material evidence is submitted by or on behalf of a veteran. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). "New" evidence is evidence not previously submitted to agency decision makers and "material" evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

In determining whether the evidence presented or secured since the prior final disallowance of the claim is new and material, the credibility of the evidence is generally presumed. Cox v. Brown, 5 Vet. App. 95, 98 (1993); Justus v. Principi, 3 Vet. App. 510, 513 (1992).

VA is required to review for newness and materiality only the evidence submitted by a claimant since the last final disallowance of the claim on any basis, whether a decision on the underlying merits or, a petition to reopen. Evans v. Brown, 9 Vet. App. 273, 283 (1996).

In Shade v. Shinseki, 24 Vet. App. 100 (2010), the United States Court of Appeals for Veterans Claims (Court) held that § 3.159(c)(4) does not require new and material evidence as to each previously unproven element of a claim for the claim to be reopened and the duty to provide an examination triggered. In a fact pattern where a prior denial was based on lack of current disability and nexus, the Court found that newly submitted evidence of a current disability was, in concert with evidence already of record establishing an injury in service, new and material and sufficient to reopen the claim and obtain an examination. 

Regardless of any RO determinations that new and material evidence has been submitted to reopen service connection, the Board must still determine whether new and material evidence has been submitted in this matter. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001).

The Veteran's initial claim for service connection for depressive disorder was denied in a rating decision dated October 2007. The denial was based on a finding that the Veteran's claimed psychiatric disorder was related to neither service nor his service-connected lumbosacral strain. No appeal was filed, nor was any evidence submitted within the one-year appeal period. The Board therefore finds that the October 2007 decision became final. See 38 U.S.C.A. § 7105(c); 38 C.F.R. § 20.1103. Evidence added to the record since this decision includes April 2009 VA treatment records highlighted by the October 2016 JMR. These records reflect that the Veteran's social workers noted that his chronic pain was a large contributor to his depression and gave a rule-out diagnosis of depression due to general medical condition. 

In compliance with the JMR, the Board finds that this new evidence relates to an unestablished fact necessary to substantiate the claim, is not cumulative or redundant of the evidence previously of record, and is sufficient to raise a reasonable possibility of substantiating the claim for service connection for an acquired psychiatric disability. As such, new and material evidence has been received and the claim of entitlement to service connection for an acquired psychiatric disability is reopened.

Because reopening the Veteran's claim constitutes a full grant of the issue, VA's duties to notify and assist are deemed fully satisfied and there is no prejudice to the Veteran in proceeding to decide the issue on appeal. See 38 U.S.C.A. §§ 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156, 3.159.


ORDER

New and material evidence has been presented, and the claim for service connection for an acquired psychiatric disability, to include PTSD and depressive disorder as secondary to a lumbosacral strain, is reopened; the appeal is granted to this extent only.


REMAND

Remand is necessary for further development of the remaining issues in compliance with the October 2016 JMR.


Lumbosacral Strain

The Veteran seeks an increased rating for his service-connected lumbosacral strain.

Disability evaluations are determined by application of the criteria set forth in the VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. An evaluation of the level of disability present must also include consideration of the functional impairment of the Veteran's ability to engage in ordinary activities, including employment. 38 C.F.R. § 4.10. 

In addition, when assessing the severity of musculoskeletal disabilities that are at least partly rated on the basis of limitation of motion, VA must also consider the extent that the Veteran may have additional functional impairment above and beyond the limitation of motion objectively demonstrated, such as during times when his symptoms are most prevalent ("flare-ups") due to the extent of his pain (and painful motion), weakness, premature or excess fatigability, and incoordination-assuming these factors are not already contemplated by the governing rating criteria. DeLuca v. Brown, 8 Vet. App. 202, 204-07 (1995); see also 38 C.F.R. §§ 4.40, 4.45, 4.59.

When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. The Veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. § 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995).

The Veteran is currently in receipt of a 40 percent disability rating for his service-connected lumbar spine disability under 38 C.F.R. § 4.71a, Diagnostic Code 5237. Under this code, upon application of the General Rating Formula for Diseases and Injuries of the Spine, a 40 percent rating is assigned for forward flexion of the thoracolumbar spine 30 degrees or less, or favorable ankylosis of the entire thoracolumbar spine. The next higher rating of 50 percent rating is warranted for unfavorable ankylosis of the entire thoracolumbar spine, and a 100 percent rating is warranted for unfavorable ankylosis of the entire spine. Any associated objective neurologic abnormalities are to be evaluated separately under an appropriate diagnostic code. 

Disabilities of the spine may alternatively be rated under 38 C.F.R. § 4.71a, Diagnostic Code 5243, for intervertebral disc syndrome (IVDS). See VBA Training Letter 02-04 (October 24, 2002). Ratings under this code are based on evidence of incapacitating episodes, defined as periods of acute signs and symptoms that require bed rest prescribed by a physician and treatment by a physician. The maximum and next higher rating of 60 percent is warranted with incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. 

Remand is necessary to provide the Veteran with an examination of his lumbosacral strain. He has not received a VA examination of his lumbosacral strain since February 2011. In June 2015, the Board nevertheless denied his claim on the basis that his treatment records sufficiently established that he exhibited neither ankylosis nor incapacitating episodes. The October 2016 JMR, however, explained that remand for a new examination was necessary. Specifically, the examiner must determine whether the Veteran exhibits the functional equivalent of ankylosis or incapacitating episodes. See DeLuca, 8 Vet. App. at 204-07.

Cervical Spine

The Veteran claims service connection for a disability of the cervical spine.

The Veteran has not received a VA examination for his claimed cervical spine disability. VA has a duty to provide a medical examination where there is (1) competent evidence of a current disability or symptoms thereof; (2) evidence establishing that an event, injury, or disease occurred in service; (3) an indication that the disability is associated with service; and (4) insufficient competent medical evidence to decide the claim. McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006); see 38 U.S.C.A. § 5103A(d)(2); 38 C.F.R. § 3.159(c)(4)(i).

The October 2016 JMR found that the Veteran's testimony at his February 2015 hearing indicated a relationship between his claimed neck disability and his service-connected lumbosacral strain. Specifically, at his hearing the Veteran stated that he was told by his physicians that such a relationship existed. There is no documented record of this opinion or its rationale in the Veteran's treatment records.

The Veteran has not been afforded a VA examination of his cervical spine. At a February 2004 VA examination of his lumbar spine, the examiner referred to degenerative disc disease of the spine involving both the neck and the back. The examiner further opined that current symptomatology was more likely than not related to his nonservice-connected spinal surgery rather than his service-connected lumbosacral strain. The examiner, however, provided no rationale for this opinion, and there is no other medical opinion in the record beyond that which at his hearing the Veteran stated had been explained to him verbally. Per the JMR, a VA examination is therefore required for the Veteran's claimed cervical spine disability.

Acquired Psychiatric Disability

The Board has reopened the Veteran's claim for service connection for an acquired psychiatric disability, to include PTSD and depressive disorder as secondary to a lumbosacral strain.

The Veteran has not received a VA examination since filing his current claim. As discussed above, per the JMR the Board has found new and material evidence indicating a relationship between the Veteran's acquired psychiatric disability and his service-connected lumbosacral strain. As such, remand is necessary to afford him a VA examination.

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file any additional medical evidence that may have come into existence but has not been associated with the record.

2. Schedule the Veteran for a VA examination to determine the level of severity of his lumbosacral strain. The examiner should report the extent of the Veteran's disability in accordance with VA rating criteria. The claims file must be reviewed by the examiner.

All opinions are to be accompanied by a rationale consistent with the evidence of record. A discussion of the pertinent evidence, relevant medical treatises, and generally accepted medical principles is requested. If the examiner cannot provide an opinion without resorting to speculation, he or she shall provide complete explanations stating why this is so. In so doing, the examiner shall explain whether any inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

3. Schedule the Veteran for a VA examination for his cervical spine. The claims file must be reviewed by the examiner. 

Following a review of the claims file and any clinical examination results, the examiner should diagnose any cervical spine disability suffered by the Veteran. For each disability diagnosed, the examiner should offer an opinion as to the following:
 
 a) Whether it is at least as likely as not (i.e., 50 percent probability or more) that any cervical spine disability is proximately due to or the result of his service-connected lumbosacral strain; or 
 
 b) If the answer to the above question is negative, whether it is at least as likely as not (i.e., 50 percent probability or more) that any nonservice- connected cervical spine disability sustained an increase in severity that is proximately due to or the result of the service-connected lumbosacral strain (e.g., aggravated); and that is not due to the natural progression of the disease. 
 
All opinions are to be accompanied by a rationale consistent with the evidence of record. A discussion of the pertinent evidence, relevant medical treatises, and generally accepted medical principles is requested. If the examiner cannot provide an opinion without resorting to speculation, he or she shall provide complete explanations stating why this is so. In so doing, the examiner shall explain whether any inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

4. Schedule the Veteran for a VA examination for his mental health condition. The claims file must be reviewed by the examiner. 

Following a review of the claims file and any clinical examination results, the examiner should diagnose any acquired psychiatric disabilities suffered by the Veteran. For each disability diagnosed, the examiner should offer an opinion as to the following: 

 a) Whether it is at least as likely as not (i.e., 50 percent probability or more) that any acquired psychiatric disability is proximately due to or the result of the pain, discomfort, and/or debility associated with his service-connected lumbosacral strain; or 
 
 b) If the answer to the above question is negative, whether it is at least as likely as not (i.e., 50 percent probability or more) that any nonservice- connected acquired psychiatric disability sustained an increase in severity that is proximately due to or the result of the of the pain, discomfort, and/or debility associated service-connected lumbosacral strain (e.g., aggravated); and that that is not due to the natural progression of the disease. 

In answering the above questions, specific reference should be made to the Veteran's April 2009 treatment records indicating a relationship between his depression and his chronic pain that may be associated with his service-connected lumbar spine disability. 

All opinions are to be accompanied by a rationale consistent with the evidence of record. A discussion of the pertinent evidence, relevant medical treatises, and generally accepted medical principles is requested. If the examiner cannot provide an opinion without resorting to speculation, he or she shall provide complete explanations stating why this is so. In so doing, the examiner shall explain whether any inability to provide a more definitive opinion is the result of a need for additional information, or that he or she has exhausted the limits of current medical knowledge in providing an answer to that particular question.

5. After completing the above, and any other development deemed necessary, readjudicate the appeal. If the benefit sought remains denied, provide an additional supplemental statement of the case to the Veteran and his representative, and return the appeal to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs