Citation Nr: 1817425 
Decision Date: 03/23/18 Archive Date: 04/03/18

DOCKET NO. 14-25 117 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Whether new and material evidence has been submitted to reopen a claim of entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for an acquired psychiatric disorder, to include PTSD.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

S. Patel, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1988 to September 1992. 

This matter is before the Board of Veterans' Appeals (Board) on appeal from an April 2011 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

The claim for service connection for a psychiatric disorder was originally adjudicated as a claim for PTSD. The record reflects the Veteran has been diagnosed with dysthymic disorder and depressive disorder. See April 2011 and September 2011 VA Examinations. Thus, the Veteran's claim for has been recharacterized as shown on the title page. Clemons v. Shinseki, 23 Vet. App. 1 (2009).

The reopened claim of service connection for an acquired psychiatric disorder, to include PTSD is REMANDED to the Agency of Original Jurisdiction (AOJ) and will be addressed in that portion of the decision.


FINDINGS OF FACT

1. The Veteran's claim for service connection for PTSD was previously denied by a May 2008 rating decision; the Veteran did not appeal the decision and VA was not in actual or constructive receipt of documentation constituting new and material evidence within the one-year appeal period.

2. Additional evidence received since the May 2008 rating decision is not cumulative or redundant of the evidence of record at the time of that decision, relates to an unestablished fact necessary to substantiate the claim for service connection for a psychiatric disorder, to include PTSD, and raises a reasonable possibility of substantiating the claim. 


CONCLUSIONS OF LAW

1. The May 2008 rating decision denying service connection for PTSD is final. 38 U.S.C. § 7105 (2012); 38 C.F.R. §§ 20.200, 20.201, 20.302, 20.1103 (2017).

2. New and material evidence has been received to reopen the Veteran's claim for service connection for an acquired psychiatric disorder, to include PTSD. 38 U.S.C. § 5108 (2012); 38 C.F.R. §§ 3.156 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

A claim for service connection for PTSD was originally denied in a May 2008 rating decision on the basis that the Veteran did not claim any specific stressor and there was no current PTSD diagnosis. The RO notified the Veteran of its decision, and of his appellate rights. The Veteran did not appeal the decision, nor did he submit any new and material evidence within a year following the decision; therefore, the decision became final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156, 20.200, 20.201, 20.302, 20.1103. Accordingly, the claim may now be considered on the merits only if new and material evidence has been received since the time of the prior adjudication. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a); Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).

Generally, a claim which has been denied may not thereafter be reopened and allowed based on the same record. 38 U.S.C. §§ 7104, 7105. However, pursuant to 38 U.S.C. § 5108, if new and material evidence is presented or secured with respect to a claim which has been disallowed, the VA Secretary shall reopen the claim and review the former disposition of the claim. 

New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence is defined as existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a). New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. Id. In determining whether evidence is new and material, the credibility of the new evidence must be presumed. Justus v. Principi, 3 Vet. App. 510 (1992). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110 (2010). 

Evidence added to the record since May 2008 rating decision includes additional details regarding stressors and diagnoses of dysthymic disorder and depressive disorder. The evidence is new as it is not cumulative or redundant of the evidence of record at the time of that decision. It is also material, as it relates to an unestablished fact necessary to substantiate the claim (specifically, details regarding stressors), and raises a reasonable possibility of substantiating the claim. Accordingly, the claim is reopened.


ORDER

New and material evidence having been received, the claim for service connection for an acquired psychiatric disorder, to include PTSD is reopened; to this extent only the appeal is granted.


REMAND

The record includes reports of VA examinations conducted in April and September 2011, but those examinations are inadequate to decide the claim. Barr v. Nicholson, 21 Vet. App. 303 (2007). 

Both examiners answered "no" to whether the Veteran met the PTSD diagnostic criterion of having been exposed to a traumatic event as defined, but the RO essentially conceded the stressor (combat) in the September 2011 rating action on appeal. Thus, to the extent that the examiners appear to have discounted the occurrence of a stressor, the basis of the opinions is inaccurate. 

The examinations included diagnoses of dysthymic disorder with mixed emotional features (April 2011) and depressive disorder (September 2011) but each examiner determined these conditions were "attributable" to the Veteran's substance abuse issues. Given the need for a new opinion on the issue of whether the Veteran meets the diagnostic criteria for PTSD, the question of whether any other acquired psychiatric disorder is related to service must be addressed also. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain the names and addresses of all medical care providers who treated the Veteran for psychiatric complaints since January 2013. After securing the necessary release, take all appropriate action to obtain these records.

2. After completion of the foregoing, provide the Veteran with an appropriate VA examination to determine the nature, extent, and etiology of any psychiatric disorder. The electronic claims file must be made available to the examiner for review in connection with the examination. All indicated tests should be conducted, and the reports of any such studies incorporated into the examination reports to be associated with the claims file.

After examination of the Veteran and review of the claims file, the examiner should provide an opinion on the following questions:

a) Identify all current psychiatric disorders in accordance with DSM criteria.

b) If PTSD is diagnosed, then opine as to whether it is at least as likely as not (50 percent or greater probability) that the Veteran's PTSD is related or attributable to any incident of the Veteran's military service, to include any verified stressors. 

c) If PTSD is not diagnosed, the examiner must specifically comment on the June 2011, July 2011, and September 2011 VA Mental Health Attending Notes that include diagnoses of PTSD .

d) For any psychiatric diagnosis other than PTSD, with respect to each diagnosed disability, opine as to whether it is at least as likely as not (50 percent or greater probability) that any psychiatric disorder other than PTSD is related to the Veteran's active service. 

The examiner must provide a complete rationale for any opinion expressed. If the examiner cannot provide any requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, readjudicate the Veteran's claim. If any benefit sought on appeal remains denied, provide the Veteran and his representative with a supplemental statement of the case and afford them reasonable opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. § 5109B (2012).




______________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs