﻿Citation Nr: 18142033
Decision Date: 10/12/18 Archive Date: 10/12/18

DOCKET NO. 18-17 546
DATE: October 12, 2018
ORDER
The application to reopen a previously denied and final claim of service connection for bilateral hearing loss is granted.
The application to reopen a previously denied and final claim of service connection for tinnitus is granted.
Entitlement to nonservice-connected pension benefits is denied.
Entitlement to service connection for tinnitus is granted.
REMANDED
Entitlement to service connection of a low back disability is remanded.
Entitlement to service connection of bilateral hearing loss is remanded.
FINDINGS OF FACT
1. Following the 2012 rating decision denying service connection for bilateral hearing loss, the Veteran submitted additional evidence regarding an incident of acoustic trauma during active service.
2. Following the 2012 rating decision denying service connection for tinnitus, the Veteran submitted additional evidence regarding an incident of acoustic trauma during active service.
3. The Veteran served from April 1960 to April 1964; he did not serve in the Republic of Vietnam.
4. The evidence is at least evenly balanced as to whether the Veteran’s tinnitus is related to in-service noise exposure.
CONCLUSIONS OF LAW
1. New and material evidence having been received, the claim of entitlement to service connection of bilateral hearing loss is reopened. 38 U.S.C. §§ 5108, 7104; 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103.
2. New and material evidence having been received, the claim of entitlement to service connection of tinnitus is reopened. 38 U.S.C. §§ 5108, 7104; 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103.
3. The criteria for basic entitlement to nonservice-connected pension benefits have not been met. 38 U.S.C. §§ 101, 5107; 38 C.F.R. §§ 3.2, 3.3, 3.102.
4. With reasonable doubt resolved in favor of the Veteran, the criteria for service connection for tinnitus have been met. 38 U.S.C. §§ 1131, 5107; 38 C.F.R. § 3.102, 3.303.

REFERRED
The issue of entitlement to service connection of an acquired psychiatric disability was raised in a May 31, 2016 statement. Although the RO has acknowledged that claim and sought clarification on the Veteran’s reported stressor, no further action has been taken on that claim since July 2016 and it is referred to the Agency of Original Jurisdiction (AOJ) for appropriate action.
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from April 1960 to April 1964.
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a May 2016 decision letter and August 2016 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). Jurisdiction over the appeal presently rests with the RO in Houston, Texas.
In May 2018, the Veteran testified before the undersigned Veterans Law Judge at a hearing held via live videoconference. A transcript of that hearing is of record.
Service Connection
1. Whether new and material evidence has been submitted to reopen a previously denied and final claim of service connection for bilateral hearing loss
2. Whether new and material evidence has been submitted to reopen a previously denied and final claim of service connection for tinnitus
If a claim was previously denied by a RO or Board decision, and that RO or Board decision became final, then the claim can be reopened and reconsidered only if new and material evidence is presented with respect to that claim. 38 U.S.C. § 5108; 38 C.F.R. § 3.156. Even if the RO (in a rating decision, statement of the case, or supplemental statement of the case) has already determined that new and material evidence has been submitted, in the appeal, a new and material evidence analysis must still be completed by the Board. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001).
In general terms, “new” evidence is evidence that was not of record at the time that the prior final RO or Board decision was issued. “Material” evidence is evidence that addresses the element(s) of service connection that were deficient (and therefore the basis of denial) in the prior final RO or Board decision. See 38 C.F.R. § 3.156 (a). 
The Veteran’s claims of service connection for bilateral hearing loss and tinnitus were denied in a December 2013 rating decision. The claims were denied because a VA audiometric examination determined that the Veteran’s hearing was normal upon separation from service, and his service treatment records did not document any acoustic trauma in service. He did not appeal those denials and did not submit new and material evidence within the one year appeal period. These decisions thus became final. 38 U.S.C. § 7105(c); 38 C.F.R. §§ 3.156(b), 20.1103.
In his May 2018 hearing before the undersigned, the Veteran testified that he was exposed to an elevator explosion aboard the USS Randolph. He also testified that his work aboard aircraft carriers exposed him to a great deal of noise without hearing protection. In support of his claim that he was exposed to loud noise in an explosion, the Veteran had provided an article indicating that the Number Three deck elevator aboard the USS Randolph tore loose during night operations, taking with it a Grumman S-2D Tracker, five crewmen (two of whom were lost at sea), and a tractor. The Veteran’s DD-214 lists his military occupational specialty as a hydraulic brakeman and a review of his military personnel records show that he did not transfer away from the USS Randolph until April 3, 1964, indicating he was aboard when this incident occurred. 
The evidence regarding exposure to explosive noise during service is new in that it was not of record at the time of the prior denials. It is material in that it addresses a previously deficient element, namely, an in-service incident to which his tinnitus and hearing loss may be etiologically linked. As such, the claims of service connection for tinnitus and bilateral hearing loss should be reopened. To this limited extent, the appeals are granted.

3. Service connection for tinnitus
The Veteran claims that he has had tinnitus since the above described elevator explosion. Tinnitus is the type of disability as to which a layperson may provide competent evidence with regard to diagnosis. See Charles v. Principi, 16 Vet. App. 370, 374 (2002) (“ringing in the ears is capable of lay observation”). Moreover, the Veteran’s testimony during the Board hearing that he has had tinnitus since the in-service explosion was credible. The December 2013 VA examiner concluded that the Veteran’s tinnitus was likely related to his hearing loss, but did not address whether the tinnitus is related to service. Given the absence of a medical opinion on this question and the Veteran’s competent, credible testimony indicating that he had tinnitus, a chronic disease, in and since service, the evidence is at least evenly balanced as to whether the tinnitus had its onset in service. Fountain v. McDonald, 27 Vet. App. 258 (2015) (including tinnitus within the category of organic diseases of the nervous system for which presumptive service connection is provided under 38 U.S.C. § 1101(3) and 38 C.F.R. § 3.309(a)). As the reasonable doubt created by this relative equipoise in the evidence must be resolved in favor of the Veteran, entitlement to service connection for tinnitus is warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.
Pension Benefits
3. Entitlement to nonservice-connected pension benefits
The Veteran seeks entitlement to nonservice-connected pension benefits. The Board finds that the claim must be denied.
Basic entitlement to an improved monthly pension exists if a veteran (1) served in the active military, naval or air service for 90 days or more during a period of war (38 U.S.C. 1521(j)); (2) meets the net worth requirements under 38 C.F.R. §3.274; (3) does not have an annual income in excess of the applicable maximum annual pension rate; (4) and is age 65 or older or is permanently and totally disabled from nonservice-connected disability not due to the veteran’s own willful misconduct. 38 C.F.R. § 3.3(a)(3).
Periods of war are prescribed by Presidential proclamation or law. The Korean conflict period of war ended on January 31, 1955. 38 U.S.C. § 101(9); 38 C.F.R. § 3.2(e). For a Veteran who served in the Republic of Vietnam, the Vietnam era period of war began on February 28, 1961 and ended on May 7, 1975. 38 U.S.C. § 101(29); 38 C.F.R. § 3.2(f). However, for a Veteran who did not serve in the Republic of Vietnam, the Vietnam era period of war began on August 5, 1964 and ended on May 7, 1975. Id. 
The Veteran served on active duty from April 1960 to April 1964. His personnel records do not reflect that he ever served in the Republic of Vietnam, nor has he made such an assertion. Therefore, as the Veteran did not serve in the Republic of Vietnam, his service does not qualify as “wartime service” for purposes of entitlement to pension benefits and the claim must be denied. In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, because the preponderance of the evidence is against the claim, that doctrine does not apply. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.
REASONS FOR REMAND
1. Entitlement to service connection of a low back disability. is remanded.
The Veteran seeks service connection for a low back disability, manifested by pain. Although his service treatment records do not document any specific incident during active service to which a present disability may be linked, the Veteran has testified in his hearing that he began to experience pain in his low back during active service, which he attributes to his physical work moving air planes on deck of an aircraft carrier. The Board observes that the Veteran’s personnel records do place him aboard aircraft carriers for large portions of his active service, and his military occupational specialty is listed as a hydraulic brakeman, a physical occupation. Given the Veteran’s military occupation, and his reported history of continuity of symptoms since service, the Board finds that an examination should be conducted which provides a diagnosis for any low back disabilities and opines as to the etiology of any identified disability.
2. Entitlement to service connection of bilateral hearing loss is remanded.
As noted above, the Veteran has provided new and material evidence of in-service acoustic trauma which may relate to his bilateral hearing loss.
The Veteran was previously afforded a VA examination in connection with his initial claim for service connection for hearing loss in December 2013. For the following reasons, the December 2013 examination report is inadequate. The examiner in 2013 concluded that the Veteran’s hearing loss could not be related to service because the Veteran showed normal hearing upon separation. An opinion which relies exclusively on normal hearing at separation is inadequate because “section 3.385 does not preclude service connection for a current hearing disability where hearing was within normal limits on audiometric testing at separation from service.... Therefore, when audiometric test results at a veteran’s separation from service do not meet the regulatory requirements for establishing a ‘disability’ at that time, he or she may nevertheless establish service connection for a current hearing disability by submitting evidence that the current disability is causally related to service.” Hensley v. Brown, 5 Vet. App. 155, 157 (1993).
Moreover, the Veteran’s separation examination was conducted on March 18, 1964, several weeks before his actual separation. As noted above, the Veteran has provided evidence of exposure to an elevator explosion or other acoustic trauma on April 1, 1964 – several days after the separation examination was conducted. Therefore, an opinion must be rendered which considers the Veteran’s in-service acoustic trauma and which does not rely exclusively on normal hearing several weeks before separation. 
 
The matters are REMANDED for the following action:
1. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of any lumbar spine or low back disability. The examiner must opine whether it is at least as likely as not related to service, including the Veteran’s military occupation as a hydraulic brakeman.
The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account in formulating the requested opinion.
2. Schedule the Veteran for an examination by an appropriate clinician to determine the nature and etiology of the Veteran’s bilateral hearing loss. The examiner must opine whether it is at least as likely as not related to service, including the Veteran’s in-service noise exposure or acoustic trauma, particularly to the April 1, 1964 elevator incident. The examiner is requested to take a detailed history from the Veteran, to include date of onset of any observable hearing loss. The examiner is reminded that any opinion which relies exclusively upon a normal hearing test upon separation will be deemed inadequate and returned for further explanation.
 
The examiner is advised that the Veteran is competent to report symptoms, treatment, and injuries, and that his reports must be taken into account in formulating the requested opinion.

 
Jonathan Hager
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Pryce, Associate Counsel