﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 200306-68318
DATE: April 30, 2020

ORDER

New and material evidence having been submitted, the claim for service connection for a right ankle disability, secondary to service-connected right femur injury/altered gait (right ankle disability), is reopened.

REMANDED

Entitlement to service connection for a right ankle disability, secondary to service-connected right femur injury/altered gait, is remanded.

FINDINGS OF FACT

1. By a December 2015 rating decision, the Regional Office (RO) denied the Veteran’s claim for service connection for a right ankle disability (claimed as right ankle osteoarthritis); he was advised of the RO’s decision and of his appellate rights.

2. The Veteran did not initiate an appeal of the RO’s decision within one year, nor was new and material evidence received within a year.

3. Additional evidence received since the RO’s December 2015 rating decision is not cumulative or redundant of the evidence of record at the time of that decision, relates to an unestablished fact necessary to substantiate the claim for service connection for a right ankle disability, and raises a reasonable possibility of substantiating the claim.

CONCLUSIONS OF LAW

1. The RO’s December 2015 rating decision to deny service connection for a right ankle disability is final. 38 U.S.C. § 7105 (West 2012); 38 C.F.R. §§ 3.156, 20.200, 20.201, 20.302, 20.1103 (2018).

2. New and material evidence has been received to reopen the Veteran’s claim for service connection for a right ankle disability. 38 U.S.C. §§ 5107, 5108 (West 2012); 38 C.F.R. §§ 3.102, 3.156 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from January 1963 to January 1967.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a November 2018 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The rating decision denied service connection for a right ankle disability, secondary to a service-connected right femur injury/altered gait. The Board notes that VA received the Veteran’s timely statement expressing his disagreement with the denial of his claim in June 2019. After VA issued a statement of the case in February 2020, the Veteran selected the Direct Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting his March 2020 Decision Review Request: Board Appeal (Notice of Disagreement).

This claim is being reviewed according to the appellate process set forth under the Veterans Appeals Improvement and Modernization Act of 2017 (hereinafter the “Appeals Modernization Act” (AMA)). The Board considers this matter per the Direct Review docket; accordingly, a Veteran’s Law Judge (VLJ) reviews the evidence of record considered by the Agency of Original Jurisdiction’s (AOJ) decision.

New and Material Evidence

Entitlement to service connection for a right ankle disability, claimed as secondary to service-connected right femur injury/altered gait, is reopened.

A previously denied claim may be reopened by the submission of new and material evidence. 38 U.S.C. § 5108; 38 C.F.R. § 3.156. Evidence is new if it has not been previously submitted to agency decision makers. Id. Evidence is material if it, either by itself or considered in conjunction with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence cannot be cumulative or redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and must raise a reasonable possibility of substantiating the claim. Id. 

The phrase “raises a reasonable possibility of substantiating the claim” is meant to create a low threshold that enables, rather than precludes, reopening. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). For purposes of determining whether new and material evidence has been received to reopen a finally adjudicated claim, the evidence will be presumed credible. See Kutscherousky v. West, 12 Vet. App. 369, 371 (1999).

In the present case, the RO, by a decision entered in December 2015, denied the Veteran’s claim for service connection for a right ankle disability (claimed as right ankle osteoarthritis) on the grounds that the condition neither occurred in nor was caused by service, and a VA medical opinion found no link between the Veteran’s medical condition and military service. The RO notified the Veteran of its decision, and of his appellate rights, but he did not initiate an appeal of the RO’s decision within one year. Nor was any new and material evidence received within a year. 38 C.F.R. § 3.156(b) (2018).

As a result, the RO’s decision became final. 38 U.S.C. § 7105 (West 2012); 38 C.F.R. §§ 3.156, 20.200, 20.201, 20.302, 20.1103 (2018). Accordingly, the claim may now be considered on the merits only if new and material evidence has been received since the time of the prior adjudication. 38 U.S.C. § 5108 (West 2012); 38 C.F.R. § 3.156(a) (2018); Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).

Since the December 2015 rating decision, the Veteran submitted VA and private treatment records demonstrating his reports of a current right ankle disability that has been present since his 1965 in-service injury. Additionally, VA treatment records notate a link between the Veteran’s “short right leg” and limited ankle range of motion (ROM).

The claim relates to service connection and the claims file has been supplemented with evidence of a possible link between his in-service injury and his current right ankle disability. The Board finds the added evidence to be both new and material in that it relates to an unestablished fact associated with an element of service connection, which has not been previously considered by VA decision-makers. Accordingly, the claim is reopened.

REASONS FOR REMAND

Entitlement to service connection for a right ankle disability, claimed as secondary to service-connected right femur injury/altered gait is remanded.

The Veteran contends that his current right ankle disability is related to service, or in the alternative, secondary to his service-connected right femur injury/altered gait.

After a review of the claims file, a VA examiner provided a nexus opinion in November 2015 regarding the Veteran’s right ankle disability. The VA examiner did not provide an opinion regarding direct service connection but concluded that the Veteran’s right ankle disability was less likely than not proximately due to or the result of his right knee osteoarthritis, status post distal leg deformity with angulation of the tibial fracture site. The examiner stated that he was not able to find objective evidence indicating the Veteran’s right ankle disability is related to his right knee arthritis, as there are multiple records indicating a separate right-ankle dislocation injury and surgery in the 1970s.

The Board finds that the opinion provided is inadequate. First, the November 2015 VA examiner did not provide an opinion regarding direct service connection. Second, he did not provide an opinion as to whether the Veteran’s right ankle disability was aggravated by his service-connected disability. See 38 C.F.R. § 3.310(a) (secondary service connection is awarded when a claimant suffers a disability that is “proximately due to or the result of a service-connected disease or injury”). In El-Amin v. Shinseki, 26 Vet.App. 136, 140 (2013), the Court held that a VA examination does not adequately address aggravation unless it rules out the possibility of aggravation.

In addition, the Veteran’s June 2015 private medical treatment records (uploaded on June 22, 2015 as “Medical Treatment Record – Government Facility,” pages 8-9) notate a dislocated ankle and past surgical history (right ankle 1970s). On remand, those outstanding medical treatment records should be obtained, and an addendum medical opinion should be provided.

The matters are REMANDED for the following action:

1. Provide the Veteran an opportunity to identify any outstanding private or VA treatment records relevant to his claim, to include potential records relating to right ankle dislocation and surgery in the 1970s. After obtaining any necessary authorization from the Veteran, make two requests for the authorized records unless it is clear after the first request that a second request would be futile.

2. After outstanding medical treatment records are obtained to the extent possible, arrange for an opinion (examination if necessary) from an appropriate medical examiner.

(a) The examiner should identify any right ankle disability, to include arthritis, present at any time during the claim period. 

(b) For each disability, the examiner should opine whether it is at least as likely as not (a 50 percent or greater probability) that the disability had an onset in service or is otherwise related to service, to include the Veteran’s January 1965 in-service right tibia and fibula fracture as the result of a go-cart accident. 

(c) For any arthritis disability, the examiner should also opine whether it is at least as likely as not (a 50 percent or greater probability) that the disability manifested to a compensable degree within one year of separation from service (i.e., January 1968).

(d) Notwithstanding the above, for each disability, the examiner should opinion whether the right ankle disability was caused or aggravated beyond its natural progression by his service-connected disabilities, to include right knee patellofemoral pain syndrome and degenerative arthritis, status post right tibia and fibula fracture with right distal leg deformity and angulation of the tibial fracture site. The opinion must address both causation and aggravation, as these are two separate inquiries.

The VA examiner is cautioned that the term “aggravated,” as used in 38 C.F.R. § 3.310 (b), does not require that there be “permanent worsening” of the nonservice-connected disability. Instead, secondary service connection is warranted for “any incremental increase in disability and any additional impairment of earning capacity in nonservice-connected disabilities resulting from service-connected conditions, above the degree of disability existing before the increase regardless of its permanence.” See Ward v. Wilkie, 31 Vet. App. 233, 239 (2019).

The examiner must provide a complete rationale for any opinion expressed, based on the examiner’s clinical and medical expertise, established medical principles, and references to the evidence of record, as appropriate.

 

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. Warren

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.