Citation Nr: 1719104 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 16-35 032 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Whether new and material evidence has been submitted to reopen the claim for service connection for a right knee disability, and if so, whether the claim should be granted.

2. Whether new and material evidence has been submitted to reopen the claim for service connection for a left knee disability, and if so, whether the claim should be granted.

3. Entitlement to a compensable disability rating for bilateral hearing loss.


REPRESENTATION

Appellant represented by: Disabled American Veterans




ATTORNEY FOR THE BOARD

A. Hampton, Associate Counsel


INTRODUCTION

The Veteran served on active duty from June 1958 to September 1961 and his decorations include the Parachutist Bade.

This matter comes before the Board of Veterans' Appeals (Board) on appeal of October 2014 and March 2016 rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Board notes that in an October 2014 rating decision, the RO determined that new and material evidence had been submitted to reopen the Veteran's claims for service connection for right and left knee disabilities. The Board, however, must determine on its own whether new and material evidence has been submitted to reopen the Veteran's claims. See Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001).

The record before the Board consists of electronic records within Virtual VA and the Veterans Benefits Management System.

In July 2016, the Veteran filed a claim to reopen his previously denied claim for service connection for a bilateral hip disability, to include as secondary to his service-connected lower back disability. This issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The Veteran's claims of entitlement to service connection for right and left knee disabilities were denied in an April 2007 rating decision; the Veteran did not appeal the decision or submit any pertinent evidence within the appeal period. 

2. Evidence received subsequent to the expiration of the appeal period for the April 2007 decision includes evidence that is not cumulative or redundant of the evidence previously of record and that relates to unestablished facts necessary to substantiate the Veteran's claims.

3. The evidence is at least in equipoise as to whether the Veteran's right and left knee disabilities are etiologically related to his active service.

4. Throughout the period of the claim, the Veteran's hearing impairment has been no worse than Level I in the right ear and Level III in the left ear.


CONCLUSIONS OF LAW

1. New and material evidence has been presented to reopen the Veteran's claims of entitlement to service connection for right and left knee disabilities. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2016). 

2. The criteria for service connection for right and left knee disabilities have been met. 38 U.S.C.A. §§ 1131, 1154(a), 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).

3. The criteria for a compensable disability rating for bilateral hearing loss have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. § 4.85, Diagnostic Code 6100 (2016).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

New and Material Evidence

Generally, a claim that has been denied in an unappealed RO decision may not thereafter be reopened and allowed. 38 U.S.C.A. § 7105(c) (West 2014). The exception to this rule is 38 U.S.C.A. § 5108, which provides that if new and material evidence is presented or secured with respect to a claim that has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. Moreover, new and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed, will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b) (2016).

New evidence is defined as existing evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence previously of record, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2016). 

The U.S. Court of Appeals for Veterans Claims (Court) has interpreted the language of 38 C.F.R. § 3.156(a) as creating a low threshold, and viewed the phrase "raises a reasonable possibility of substantiating the claim" as "enabling rather than precluding reopening." The Court emphasized that the regulation is designed to be consistent with 38 C.F.R. § 3.159(c)(4), which "does not require new and material evidence as to each previously unproven element of a claim." Shade v. Shinseki, 24 Vet. App. 110 (2010). 

For the purpose of establishing whether new and material evidence has been submitted, the credibility of evidence is presumed unless the evidence is inherently incredible or consists of statements that are beyond the competence of the person or persons making them. See Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

In an April 2007 rating decision, the RO denied the Veteran's claims for service connection for right and left knee disabilities on the basis that the evidence did not show the Veteran's disabilities were related to service. The Veteran did not appeal the denial or submit any pertinent evidence within the appeal period. Thereafter, the Veteran initiated a claim to reopen his previously denied claims. 

The evidence of record in April 2007 consisted of the Veteran's service treatment records (STRs), post-service medical records and lay statements, in addition to a February 2007 VA examination report. The evidence received after the expiration of the appeal period includes additional medical evidence, including a June 2014 VA contract examination report and addendum opinion in which the examiner opined the Veteran's bilateral knee disability was at least as likely as not related to in-service parachute jumps. When presumed credible, the June 2014 opinion at least slightly heightens the possibility of substantiating the Veteran's claims. As such, the Board finds this evidence to be new and material, and finds that reopening of the claims is warranted.

Service Connection

The Veteran seeks service connection for right and left knee disabilities on the basis that he has had bilateral knee problems since service. In support, the Veteran asserts he sustained in-service knee trauma while parachuting.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. § 1131(West 2014); 38 C.F.R. § 3.303 (2016). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d) (2016). 

Establishing service connection on a direct basis requires evidence demonstrating: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the claimed in-service disease or injury. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F. 3d 604 (Fed. Cir. 1996).

The types of evidence that "indicate" that a current disability "may be associated" with military service include, but are not limited to, medical evidence that suggests a nexus, but is too equivocal or lacking in specificity to support a decision on the merits; or credible evidence of continuity of symptomatology such as pain or other symptoms capable of lay observation. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

Bilateral knee disability

The record shows the Veteran has been diagnosed with bilateral knee degenerative joint disease. He underwent left knee arthroscopic surgery in December 2002. The Veteran has asserted his right and left knee disabilities are related to numerous in-service parachute jumps, and that he has experienced bilateral knee pain since service.

The Board notes the Veteran's STRs contain a July 1961 notation that states the Veteran's knee should be "checked." However, a report of medical examination in July 1961 prior to separation shows a normal bilateral lower extremity evaluation. In this regard, the Veteran explains he was young and proud during service and did not want to report his injuries, but that his knees would pop out at times, even then.

The Veteran was afforded a VA examination in February 2007. The examiner first noted the Veteran's separation examination showed normal bilateral lower extremities. The examiner noted the Veteran's reports that his knees had been hurting since service, and that he had been experiencing painful popping in both knees whenever kneeling down. Following X-rays, the examiner diagnosed mild bilateral knee degenerative joint disease but stated the condition was less likely than not caused by the Veteran's repetitive parachute jumps while in service.

The Veteran was afforded an additional VA contract examination in June 2014. The examiner noted the Veteran's reports that his bilateral knee symptoms had an onset in 1961 due to service-related activity, and that the symptoms had gotten worse. In a subsequently-obtained addendum opinion, the examiner opined it was at least as likely as not that the Veteran's bilateral knee condition was related to service. In this regard, the examiner noted that a review of the Veteran's medical records showed he was seen in service for knee symptoms and that he had asserted his knee pain had persisted since then.

The Board notes the February 2007 VA examiner provided no rationale for his opinion that the Veteran's bilateral knee condition was unrelated to in-service parachute jumps. In contrast, although the June 2014 medical opinion did not provide a substantial rationale, the examiner cited to in-service medical records and took the Veteran's own recollection of his symptoms into account. 

Here, the Board finds the Veteran's report of having right knee and left knee problems since service credible. Further, the evidence shows he has right knee and left knee disability. In light of the medical evidence of record, the Board finds that service connection for right knee and left knee disability is warranted.

Disability Evaluations

Disability evaluations are determined by the application of VA's Schedule for Rating Disabilities (Rating Schedule), 38 C.F.R. Part 4 (2016). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.321(a), 4.1 (2016).

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2016).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under laws administered by the Secretary. The Secretary shall consider all information and lay and medical evidence of record in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2016); see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

In addition, in accordance with 38 C.F.R. §§ 4.1, 4.2 (2016) and Schafrath v. Derwinski, 1 Vet. App. 589 (1991), the Board has reviewed all evidence of record pertaining to the history of the service-connected disability at issue. The Board has found nothing in the historical record which would lead to the conclusion that the current evidence of record is not adequate for rating purposes. Moreover, the Board is of the opinion that this case presents no evidentiary considerations which would warrant an exposition of remote clinical histories and findings pertaining to the disability under review.

Bilateral hearing loss

Disability ratings for a hearing loss disability are derived from mechanical application of the rating schedule to the numeric designations resulting from audiometric testing. See Lendenmann v. Principi, 3 Vet. App. 345 (1992).

The rating schedule establishes 11 auditory hearing acuity levels based upon average puretone thresholds and speech discrimination. See 38 C.F.R. § 4.85 (2016).

An examination for hearing impairment for VA purposes must be conducted by a state-licensed audiologist and must include a controlled speech discrimination test (Maryland CNC) and a puretone audiometry test. Examinations will be conducted without the use of hearing aids. 38 C.F.R. § 4.85(a) (2016).

Table VI, "Numeric Designation of Hearing Impairment Based on Puretone Threshold Average and Speech Discrimination," is used to determine a Roman numeral designation (I through XI) for hearing impairment based on a combination of the percent of speech discrimination (horizontal rows) and the puretone threshold average (vertical columns). The Roman numeral designation is located at the point where the row and column intersect. 38 C.F.R. § 4.85(b) (2016).

Table VIa, "Numeric Designation of Hearing Impairment Based Only on Puretone Threshold Average," is used to determine a Roman numeral designation (I through XI) for hearing impairment based only on puretone threshold average. Table VIa is used when the examiner certifies that the use of the speech discrimination test is not appropriate due to language difficulties, inconsistent speech discrimination scores, etc., or when indicated under the provisions of § 4.86. 38 C.F.R. § 4.85(c) (2016).

"Puretone threshold average" as used in Tables VI and VIa is the sum of the puretone thresholds at 1000, 2000, 3000 and 4000 Hertz and divided by four. This average is used in all cases (including those under § 4.86) to determine a Roman numeral designation from Tables VI and VIa. 38 C.F.R. § 4.85(d) (2016). 

Table VII, "Percentage Evaluations of Hearing Impairment," is used to determine the percentage evaluation by combining the Roman numeral designations for hearing impairment in each ear. The horizontal rows represent the ear having the better hearing and the vertical columns represent the ear having the poorer hearing. The percentage evaluation is located at the point where the row and the column intersect. 38 C.F.R. § 4.85(e) (2016).

Provisions for evaluating exceptional patterns of hearing impairment are as follows:

(a) When the puretone thresholds at each of the four specified frequencies (1000, 2000, 3000 and 4000 Hertz ) are 55 decibels or more, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral. Each ear will be evaluated separately;

(b) When the puretone thresholds are 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz, the rating specialist will determine the Roman numeral designation for hearing impairment from either Table VI or Table VIa, whichever results in the higher numeral; the numeral will then be elevated to the next higher Roman numeral. Each ear will be evaluated separately. 38 C.F.R. § 4.86 (2016).

By way of background, the Veteran was initially awarded service connection for bilateral hearing loss in an April 2007 rating decision, and a noncompensable evaluation was assigned. In January 2016, the Veteran filed a claim seeking an increased rating for his service-connected bilateral hearing loss. In the March 2016 rating decision on appeal, the noncompensable evaluation was continued. 

The record shows the Veteran underwent audiological testing in October 2015. On examination, puretone thresholds were as follows:



HERTZ



1000
2000
3000
4000
RIGHT
35
50
45
50
LEFT
35
50
45
55

Speech discrimination was 92 percent in the right ear and 80 percent in the left ear.

Applying the values above to Table VI results in a Level I Roman numeral designation for the right ear and a Level III Roman numeral designation for the left ear. Application of a Level I designation and a Level III designation to Table VII results in a noncompensable rating. In addition, the readings reported in this evaluation do not meet the requirements for evaluation as an exceptional pattern of impairment under 38 C.F.R. § 4.86 (2016).

In response to his January 2016 claim, the Veteran was afforded a VA audiological examination in March 2016. At the examination, the Veteran's puretone thresholds were as follows:



HERTZ



1000
2000
3000
4000
RIGHT
25
25
25
35
LEFT
25
25
30
55

Speech discrimination was 96 percent in the right ear and 96 percent in the left ear, and the examiner indicated that use of the speech discrimination scores was appropriate for the Veteran.

Applying the values above to Table VI results in a Level I Roman numeral designation for the right ear and a Level I Roman numeral designation for the left ear. Application of these Roman numeral designations to Table VII again results in a noncompensable rating. In addition, the readings reported in this evaluation do not meet the requirements for evaluation as an exceptional pattern of impairment under 38 C.F.R. § 4.86 (2016).

The Court has held that, "in addition to dictating objective test results, a VA audiologist must fully describe the functional effects caused by a hearing disability in his or her final report." Martinak v. Nicholson, 21 Vet. App. 447, 455 (2007). In accordance with this decision, the March 2016 examiner noted that the Veteran's hearing loss impacted his daily life in the form of difficulty hearing soft voices and conversations.

On review of the record, it is evident that the criteria for a compensable rating under Diagnostic Code 6100 are not met. Although the audiological evaluations clearly show the Veteran has hearing loss, the hearing loss has not yet met the compensable level under the Rating Schedule. Thus, a compensable rating for bilateral hearing loss is not warranted under the schedular criteria. 

The Board briefly acknowledges the Veteran's April 2016 statement in which he asserted he did not understand how deaf one had to be in order to get some kind of assistance, to include hearing aids. The Board wishes to clarify that the Veteran was granted service connection for bilateral hearing loss in an April 2007 rating decision. This decision entitles the Veteran to receive care at VA facilities for his bilateral hearing loss, to include the provision of hearing aids if determined to be warranted by his VA healthcare providers. However, the Board has found that, to this point, the severity of the Veteran's bilateral hearing loss, as shown by the medical evidence of record, does not warrant an increase in monthly VA compensation paid to the Veteran.

In addition, the Board acknowledges the Veteran's request for an additional VA hearing examination. However, the Board finds there is no indication in the record that the March 2016 examination report, discussed above, is too remote to accurately reflect the current severity of the Veteran's bilateral hearing loss because there is no report of worsening since that time.

In reaching its decision, the Board has duly considered the benefit-of-the-doubt doctrine. However, the Board has determined a preponderance of the evidence weighs against the Veteran's claim. Accordingly, the doctrine is inapplicable and the claim must be denied.


ORDER

New and material evidence having been presented, reopening of the claims for service connection for right and left knee disabilities is granted.

Service connection for a right knee disability is granted.

Service connection for a left knee disability is granted.

A compensable rating for bilateral hearing loss is denied.



____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs