Citation Nr: 1719087 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 15-22 954 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Whether new and material evidence has been received to reopen a previously denied claim for entitlement to service connection for gastric/colon polyps with removal of gastric mass, to include as due to exposure to ionizing radiation.

2. Whether new and material evidence has been received to reopen a previously denied claim for entitlement to service connection for Grover's Disease, to include as due to exposure to ionizing radiation.

3. Entitlement to service connection for gastric/colon polyps with removal of gastric mass, to include as due to exposure to ionizing radiation.

4. Entitlement to service connection for Grover's Disease, to include as due to exposure to ionizing radiation and/or as secondary to service-connected residuals of carcinoma of the kidney, status post nephrectomy.

5. Entitlement to service connection for hearing loss.

6. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: The American Legion

 
ATTORNEY FOR THE BOARD

L. Edwards Andersen, Counsel


INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The Veteran had active service from September 1950 to September 1953, and April 1955 to January 1956. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) from a January 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama. A notice of disagreement was received in March 2013, a statement of the case was issued in May 2015 and a VA Form 9 was received in June 2015. 

The issues of entitlement to service connection for gastric/colon polyps with removal of gastric mass, Grover's Disease, hearing loss and tinnitus are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).



 (CONTINUED ON NEXT PAGE)


FINDINGS OF FACT

1. Entitlement to service connection for gastric polyps with removal of gastric mass was denied by the RO in a June 2005 rating decision; the Veteran did not complete a substantive appeal.

2. Some of the evidence received since the June 2005 rating decision was not previously submitted, relates to an unestablished fact necessary to substantiate the claim, is neither cumulative nor redundant, and raises a reasonable possibility of substantiating the claim for service connection for gastric polyps with removal of gastric mass.

3. Entitlement to service connection for Grover's Disease was denied by the RO in a June 2005 rating decision; the Veteran did not complete a substantive appeal.

4. Some of the evidence received since the June 2005 rating decision was not previously submitted, relates to an unestablished fact necessary to substantiate the claim, is neither cumulative nor redundant, and raises a reasonable possibility of substantiating the claim for service connection for Grover's Disease.


CONCLUSIONS OF LAW

1. The June 2005 rating decision that denied entitlement to service connection for gastric polyps with removal of gastric mass is final. 38 U.S.C.A. §§ 5109A, 7105 (West 2014); 38 C.F.R. §§ 3.105 (a), 3.156, 20.1103 (2016). 

2. The evidence received since the June 2005 rating decision is new and material, and the Veteran's claim for service connection for gastric polyps with removal of gastric mass is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).

3. The June 2005 rating decision that denied entitlement to service connection for a Grover's Disease is final. 38 U.S.C.A. §§ 5109A, 7105 (West 2014); 38 C.F.R. §§ 3.105 (a), 3.156, 20.1103 (2016). 

4. The evidence received since the June 2005 rating decision is new and material, and the Veteran's claim for service connection for Grover's Disease is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2014); 38 C.F.R. § 3.156 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2016). In this case, the Board is reopening the Veteran's claims. Consequently, the Board finds that any lack of notice and/or development, which may have existed under the VCAA, cannot be considered prejudicial to the Veteran, and remand for such notice and/or development would be an unnecessary use of VA time and resources.

II. Petitions to Reopen

The Veteran seeks to reopen his claims for entitlement to service connection for gastric/colon polyps with removal of gastric mass and Grover's Disease.

Notwithstanding determinations by the RO that new and material evidence has or has not been received to reopen the Veteran's claims, the Board is required to determine whether new and material evidence has been presented. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001) (holding that the Board has a legal duty under 38 U.S.C.A. §§ 5108 and 7105, to address the question of whether new and material evidence has been presented to reopen a previously denied claim); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). 

Governing regulations provide that an appeal consists of a timely filed notice of disagreement in writing and, after a statement of the case has been furnished, a timely filed substantive appeal. 38 C.F.R. § 20.200. Rating actions from which an appeal is not timely perfected become final. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1103. A final decision cannot be reopened unless new and material evidence is presented. 38 U.S.C.A. § 5108. The Secretary must reopen a finally disallowed claim when new and material evidence is presented or secured with respect to that claim. Knightly v. Brown, 6 Vet. App. 200 (1994). 

New evidence means existing evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened and it must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a). 

Only evidence presented since the last final denial on any basis (either upon the merits of the case, or upon a previous adjudication that no new and material evidence has been presented) will be evaluated in the context of the entire record. Evans v. Brown, 9 Vet. App 273, 283 (1996). 

For the purpose of establishing whether new and material evidence has been received, the credibility of the evidence, but not its weight, is to be presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

The record with respect to these claims reflects that they were last denied in a rating decision of June 2005. The Veteran did not express timely disagreement or submit new and material evidence within one year and subsequently the rating decision became final. Evans v. Brown, 9 Vet. App. 273, 285 (1996). As such, the Veteran's claims for service connection may only be reopened if new and material evidence is submitted. 

In this instance, since the June 2005 rating decision denied the claims on the basis that there was no evidence that the Veteran's disorders occurred in or were caused by service, the Board finds that new and material evidence would consist of evidence that the Veteran's disorders are a result of his time in service.

The evidence received since the June 2005 rating decision consists of numerous records and documents. Importantly, the Veteran submitted medical evidence from a private physician, dated September 2012, in which the physician noted that the Veteran's Grover's Disease and his gastric polyps were "thought to be secondary to radiation exposure in World War II during the time of the hydrogen bomb testing."

The Board must presume the credibility of all newly submitted evidence for the purpose of determining if such evidence is new and material evidence sufficient to reopen the claim. Fortuck v. Principi, 17 Vet. App. 173, 179 (2003); Justus v. Principi, 3 Vet. App. 510, 513 (1992).

Presuming its credibility, the aforementioned evidence indicates that the Veteran's gastric polyps and Grover's Disease may be a result of service. Therefore, the Board finds that this additional evidence is neither cumulative nor redundant, and it is material since the evidence raises the possibility of substantiating the claims. The Board determines that the claims are reopened.


ORDER

New and material evidence has been received to reopen the claim of entitlement to service connection for gastric polyps with removal of gastric mass; to this extent, the appeal is granted.

New and material evidence has been received to reopen the claim of entitlement to service connection for a Grover's Disease; to this extent, the appeal is granted.



REMAND

The Veteran's claims for entitlement to service connection for gastric polyps with gastric mass removal and Grover's Disease have been reopened, and after reviewing the record, the Board concludes that further development is necessary. The Veteran also seeks entitlement to service connection for hearing loss and tinnitus.

Gastric/Colon Polyps with Gastric Mass Removal and Grover's Disease

The Veteran asserts his gastric/colon polyps with gastric mass removal and Grover's Disease are due to exposure to ionizing radiation during service. He asserts he participated in Operation IVY.

The Board notes that the May 2015 statement of the case erroneously states, "A review of service records fails to show exposure to ionizing radiation during service." In fact, the evidence indicates that the Veteran was a participant in Operation IVY. See e.g. Certificate of Participation in Operation IVY; November 2004 letter from Defense Threat Reduction Agency confirming the Veteran's participation in Operation IVY.

As such, the evidence of record clearly shows that the Veteran did participate in Operation IVY. Therefore, he is a "radiation exposed Veteran" within the meaning of the regulations.

The duty to obtain dose estimates and an advisory opinion under 38 C.F.R. § 3.311 not only applies to radiogenic diseases listed in 38 C.F.R. § 3.311 (b)(2), but also to any other disorder when a claimant cites or submits competent scientific or medical evidence that the claimed disease "may be induced by ionizing radiation" under 38 C.F.R. § 3.311 (b)(4). See 67 Fed. Reg. 6,870 (Feb. 14, 2002). This provision was added to the regulation effective September 1, 1994, in response to the Federal Circuit's decision in Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994), that determined that VA was not authorized to establish an exclusive list of radiogenic diseases for which a clamant might establish entitlement to direct service connection. 60 Fed. Reg. 9,627 (Feb. 21, 1995). The pertinent regulation, 38 C.F.R. § 3.311 (b)(4), now states, "If a claim is based on a disease other than one of those listed in paragraph (b)(2) of this section, VA shall nevertheless consider the claim under the provisions of this section provided that the claimant has cited or submitted competent scientific or medical evidence that the claimed condition is a radiogenic disease." Therefore, the provisions that require VA to request dose information under § 3.311 will apply to those diseases that fall under the scope of § 3.311(b)(4) even if they are not listed as radiogenic diseases under § 3.311(b)(2).

Here, the Veteran has submitted evidence, in the form of a medical opinion as well as an article, which indicates his Grover's Disease and gastric polyps may be radiogenic diseases. The article submitted states that while the etiology of Grover's Disease is unknown, suspected triggers of disease activity include heat and sweating, sunlight, adverse reaction to medications, as well as ionizing irradiation, and end stage renal disease/hemodialysis. See June 2015 "Transient Acantholytic Dermatosis." Similarly, the Veteran's treating physician stated in September 2012 that the Veteran's Grover's Disease and his gastric polyps were "thought to be secondary to radiation exposure in World War II during the time of the hydrogen bomb testing."

Here, as noted, the Veteran was exposed to ionizing radiation. Furthermore, the September 2012 private medical opinion indicated that the Veteran's disorders were thought to be secondary to his radiation exposure. This constitutes competent scientific or medical evidence that the claimed disease "may be induced by ionizing radiation" pursuant to the Federal Register language. 

Accordingly, a remand is required so that the RO/AMC may follow the appropriate procedures to obtain a dose estimate from the Department of Defense and then referral to the VA Under Secretary for Benefits. As far as the procedure for requesting dose estimates is concerned, there is additional guidance in the M21-1MR, Part IV, Subpart ii, Chapter 1, Section C, Verification of Exposure to Ionizing Radiation Under 38 C.F.R. § 3.311. Of note, such requests should also include a copy of the medical or scientific evidence showing a causal relationship between the claimed disease and exposure to radiation if the disease is not among those listed in § 3.311(b)(2), which in this case is the September 2012 private medical opinion and article submitted in June 2015 on Grover's Disease.

Additionally, the Veteran submitted evidence that Grover's Disease can be triggered by end-stage renal disease. See June 2015 "Transient Acantholytic Dermatosis." The Veteran is service connected for residuals of carcinoma of the kidney, status post nephrectomy. If service connection is not established based on exposure to ionizing radiation, a medical opinion must be obtained regarding whether the Veteran's Grover's Disease is proximately due to or aggravated by his service-connected residuals of carcinoma of the kidney.

Hearing Loss and Tinnitus

The Veteran asserts he was exposed to loud noises during service that has caused his current hearing loss and tinnitus. 

The Veteran was afforded a VA examination in November 2012, at which time he was diagnosed with bilateral hearing loss and tinnitus. The examiner stated that the Veteran was in the service in the 50's and worked in the coal mines post service, however, the examiner did not discuss the Veteran's confirmed noise exposure during service as a participant in Operation IVY, a test of explosives. The examiner then opined that the Veteran's tinnitus was not due to service because the "Veteran reported that the tinnitus only occurs every once in a while. No consistency to the occurrence of tinnitus was reported." 

The examiner did not note or discuss the Veteran's confirmed noise exposure from participation in Operation IVY during service, and based the opinion on the absence of hearing loss upon discharge from service. Additionally, the Veteran's representative referenced a 2009 study indicating that hearing damage resulting in degeneration years later may occur, despite normal hearing shortly post-exposure. See April 2017 Appellate Brief. Furthermore, the Board finds that the medical opinion provided regarding the Veteran's tinnitus is inadequate since it does not explain the rationale as to why the examiner opined that tinnitus which only occurs occasionally is not due to service.

On remand, an addendum opinion must be obtained that discusses the Veteran's in-service noise exposure, the referenced study indicating that hearing damage resulting in degeneration years later may occur despite normal hearing shortly post-exposure, and fully explains any opinions offered.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The Veteran is a confirmed participant in Operation IVY. Pursuant to the procedure outlined in 38 C.F.R. § 3.311:

a) a dose estimate must be obtained from the appropriate office of the Department of Defense; and,

b) the Veteran's claims for gastric/colon polyps with removal of gastric mass and Grover's Disease should then be referred to the Under Secretary for Benefits.

The pertinent evidence of the Veteran's exposure to ionizing radiation (service records, the certificate of participation in Operation IVY, December 2004 letter from the Department of Defense confirming his participation, and the Radiation Risk Activity Worksheets completed in both August 2004 and June 2015), a copy of the article submitted in June 2015 on Grover's Disease, and the September 2012 private medical opinion, which suggests a causal relationship between the claimed diseases (that are not among those listed in § 3.311(b)(2)) and exposure to radiation should be included. 

Of particular note, the Veteran indicated on his Radiation Risk Activity Worksheet in June 2015 that he was exposed to additional radiation during a typhoon on Eniwetok Island, where he was up to his chin in contaminated waters. He received a commendation, which is of record, for duty during this typhoon in December 1952.

2. If the Veteran's claim for entitlement to service connection for Grover's Disease is denied on the basis that it is not due to exposure to ionizing radiation, obtain an addendum VA medical opinion as to whether it is at least as likely as not (i.e., 50 percent or greater probability) that the Veteran's Grover's Disease is proximately due to or aggravated (beyond a natural progression) by his service-connected residuals of carcinoma of the kidney, status post nephrectomy.

The examiner must note and discuss the article, "Transient Acantholytic Dermatosis," submitted by the Veteran in June 2015, which indicates end-stage renal disease can trigger Grover's Disease.

All opinions should be supported by a clear rationale, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

The claims folder must be provided to the examiner for review. The examiner must state in the examination report that the claims folder has been reviewed.

3. Obtain an addendum opinion for the Veteran's hearing loss and tinnitus. 

a) The examiner should opine as to whether it is at least as likely as not (i.e. 50 percent or greater probability):

i) that the Veteran's bilateral hearing loss is causally or etiologically due to service; and,

ii) that the Veteran's tinnitus is causally or etiologically due to service.

b) In rendering the opinion, the examiner must address the Veteran's assertions that his bilateral hearing loss and tinnitus are due to exposure to acoustic trauma during service from his confirmed participation in testing explosives during Operation IVY, as well as using anti-aircraft artillery, and as a gunner on an anti-aircraft tank, without hearing protection.

c) The examiner must also note and discuss the 2009 Kujawa study referred to by the Veteran's Representative, indicating that hearing damage resulting in degeneration years later may occur, despite normal hearing shortly post-exposure. See April 2017 Appellate Brief. 

All opinions should be supported by a clear, thorough rationale, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

The claims folder must be provided to the examiner for review. The examiner must state in the examination report that the claims folder has been reviewed.

4. After completion of the above, the RO/AMC must readjudicate the claims. 

If the issues remain denied, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded an opportunity to respond. 

5. Thereafter, the case should be returned to the Board, if in order. The Board intimates no opinion as to the ultimate outcome of this case.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs