Citation Nr: 1725270 
Decision Date: 06/26/17 Archive Date: 07/18/17

DOCKET NO. 12-30 402 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in Roanoke, Virginia


THE ISSUES

1. Whether new and material evidence has been received to reopen the Veteran's claim for service connection for tonsillectomy residuals and, if so, whether service connection is warranted.

2. Whether new and material evidence has been received to reopen the Veteran's claim for service connection for an upper respiratory infection, rhinitis, and/or pneumonia and, if so, whether service connection is warranted.

3. Entitlement to service connection for a heart disorder.

4. Whether new and material evidence has been received to reopen the Veteran's claim for service connection for palatal gingiva pseudo-epitheliomatous hyperplasia and, if so, whether service connection is warranted.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

J. E. Miller, Associate Counsel


INTRODUCTION

The Veteran served in the U.S. Army from October 1974 to October 1994. 

A total rating based on individual unemployability is effective January 2011.

This matter came before the Board of Veterans' Appeals (Board) on appeal from a March 2012 decision of the Roanoke, Virginia, Regional Office (RO). In July 2016, the Veteran was afforded a hearing at the VA Central Office before the undersigned Veterans Law Judge. A hearing transcript is in the record.

The Veteran filed a motion to advance his case on the docket in April 2017. Because the Board is deciding this case at the present time, a decision on the Veteran's motion is moot.

As to the issue of whether new and material evidence has been received to reopen the Veteran's claims, the Board is required to consider the question of whether new and material evidence has been received to reopen the Veteran's claims without regard to the RO's determination in order to establish the Board's jurisdiction to address the underlying claims and to adjudicate the claims on a de novo basis. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001); Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). 
The issue of service connection for diabetes mellitus has been raised by the record in the July 2016 Board hearing transcript, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

The issues of service connection for a heart disorder and whether new and material evidence has been received to reopen the Veteran's claim for service connection for palatal gingiva pseudo-epitheliomatous hyperplasia and, if so, whether service connection is warranted are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.


FINDINGS OF FACT

1. At the July 2016 Board hearing, the Veteran expressly withdrew his substantive appeal as to the issue of whether new and material evidence has been received to reopen his claim for service connection for tonsillectomy residuals and, if so, whether service connection is warranted.

2. At the July 2016 Board hearing, the Veteran expressly withdrew his substantive appeal as to the issue of whether new and material evidence has been received to reopen his claim for service connection for an upper respiratory infection, rhinitis, and/or pneumonia and, if so, whether service connection is warranted.

3. In August 2004, VA denied service connection for palatal gingiva pseudo-epitheliomatous hyperplasia. The Veteran was informed in writing of the adverse determination and his appellate rights at that time. The Veteran did not subsequently submit a notice of disagreement (NOD) with the decision.

4. The August 2004 rating decision is final.

5. The additional documentation submitted since the August 2004 rating decision is new and material and raises a reasonable possibility of substantiating the Veteran's claim. 


CONCLUSIONS OF LAW

1. The criteria for withdrawal of the appeal by the Veteran as to the issue of whether new and material evidence has been received to reopen the Veteran's claim for service connection for tonsillectomy residuals and, if so, whether service connection is warranted have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).

2. The criteria for withdrawal of the appeal by the Veteran as to the issue of whether new and material evidence has been received to reopen the Veteran's claim for service connection for an upper respiratory infection, rhinitis, and/or pneumonia and, if so, whether service connection is warranted have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016).

3. The August 2004 rating decision denying service connection for palatal gingiva pseudo-epitheliomatous hyperplasia is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. § 20.1103 (2016).

4. New and material evidence sufficient to reopen the Veteran's claim of entitlement to service connection for palatal gingiva pseudo-epitheliomatous hyperplasia has been presented. 38 U.S.C.A. §§ 5103, 5103A, 5107, 5108 (West 2014); 38 C.F.R. §§ 3.102, 3.156, 3.159, 3.326(a) (2016).







REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Issues Withdrawn

At the July 2016 Board hearing, the Veteran expressly withdrew his substantive appeal as to the issues of whether new and material evidence has been received to reopen his claims for service connection for tonsillectomy residuals and for an upper respiratory infection, rhinitis, and/or pneumonia and, if so, whether service connection is warranted.

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105 (West 2014). An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204 (2016). Withdrawal may be made by the Veteran or by his authorized representative. 38 C.F.R. § 20.204. In the present case, the Veteran withdrew these issues on appeal and, hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the claims and they are dismissed.

II. Palatal Gingiva Pseudo-Epitheliomatous Hyperplasia

Generally, absent the filing of an NOD within one year of the date of mailing of the notification of the initial review and determination of a veteran's claim and the subsequent filing of a timely substantive appeal, a rating determination is final and is not subject to revision upon the same factual basis except upon a finding of clear and unmistakable error (CUE). 38 U.S.C.A. §§ 5108, 7105; 38 C.F.R. §§ 20.200, 20.300, 20.1103. 

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). The provisions of 38 C.F.R. § 3.156(a) create a low threshold, with the phrase "raises a reasonable possibility of substantiating the claim" enabling rather than precluding reopening and not constituting a third requirement that must be met before the claim is reopened. Shade v. Shinseki, 24 Vet. App. 110 (2010); Evans v. Brown, 9 Vet. App 273, 283 (1996). See Hodge v. West, 155 F.3d 1356 (Fed. Cir. 1998). 

New and material evidence received prior to the expiration of the appeal period will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 38 C.F.R. § 3.156(b). Where documents are within VA's control and could reasonably be expected to be a part of the record, such documents are, in contemplation of law, before VA and should be included in the record. Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). 

In August 2004, VA denied service connection for palatal gingiva pseudo-epitheliomatous hyperplasia because "treatable carious teeth, replaceable missing teeth, and normal dental work such as you have claimed are not conditions for which service connection for compensation purposes may be granted." The Veteran was informed in writing of the adverse decision and did not submit an NOD.

New and material evidence pertaining to the issue of service connection for palatal gingiva pseudo-epitheliomatous hyperplasia was not received by VA or constructively in its possession within one year of written notice to the Veteran of the August 2004 rating decision. Therefore, that decision became final. 38 C.F.R. § 3.156(b). 

The additional documentation received since the August 2004 rating decision includes the Veteran's July 2016 Board hearing testimony where the Veteran stated that he has had ongoing dental treatment for his disorder, which has included bone loss.

When determining whether a claim should be reopened, the credibility of the newly submitted evidence is presumed. Justus v. Principi, 3 Vet.App. 510 (1992). Here, without examination of any other evidence of record, the newly-submitted evidence is of such significance that, when considered for the limited purpose of reopening the Veteran's claim, it raises a reasonable possibility of substantiating his claim for service connection when considered with the previous evidence of record. As new and material evidence has been received, the Veteran's claim is reopened.


ORDER

The appeal of the issue of whether new and material evidence has been received to reopen the Veteran's claim for service connection for tonsillectomy residuals and, if so, whether service connection is warranted is dismissed.

The appeal of the issue of whether new and material evidence has been received to reopen the Veteran's claim for service connection for an upper respiratory infection, rhinitis, and/or pneumonia is dismissed.

The Veteran's application to reopen his claim of entitlement to service connection for palatal gingiva pseudo-epitheliomatous hyperplasia is, and to this extent only, the appeal is granted.


REMAND

Remand is necessary to obtain VA treatment records and Social Security Administration (SSA) records. The case is REMANDED for the following action:

1. Associate with the record any VA clinical documentation not already of record pertaining to the treatment of the Veteran for a heart disorder and for palatal gingiva pseudo-epitheliomatous hyperplasia, including any records from Dr. J. Bruzzese and any dental treatment records from McGuire VA Medical Center.

3. Contact the SSA and request that it provide documentation of the Veteran's award of disability benefits and copies of all records developed in association with the decision for incorporation into the record. 

4. After the above records have been associate with the Veteran's file, readjudicate the issues on appeal. If any benefit sought on appeal remains denied, the Veteran should be provided a supplemental statement of the case (SSOC). An appropriate period of time should be allowed for response before the case is returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims (Court) for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




______________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs