﻿Citation Nr: 18132481
Decision Date: 09/06/18 Archive Date: 09/06/18

DOCKET NO. 14-42 786
DATE: September 6, 2018
ORDER
New and material evidence having been received, the claim for entitlement to service connection for a back disability, is reopened, and to that extent only, the appeal is granted.
REMANDED
Entitlement to service connection for a back disability is remanded.
FINDING OF FACT
A May 2009 rating decision denied entitlement to service connection for degenerative disc disease of the lumbar spine, status post discectomy at L4-5, and the Veteran did not appeal that decision in a timely manner, and no new and material evidence was submitted within the appeal period; however, evidence received since the final May 2009 rating decision is new, relates to an unsubstantiated issue necessary to substantiate the claim, and raises a reasonable possibility of substantiating the Veteran’s claim. 
CONCLUSION OF LAW
The May 2009 rating decision, which denied entitlement to service connection for degenerative disc disease of the lumbar spine, status post discectomy at L4-5, is final; however, new and material evidence sufficient to reopen the previously denied claim of service connection for a back disability, has been received. 38 U.S.C. §§ 5108, 7105 (2012); 38 C.F.R. §§ 3.104, 3.156 (a), 30,302, 20.1103, 20.1105 (2017). 
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran had active service from June 1972 to December 1975. 
In October 2017, the Veteran presented testimony at a Travel Board hearing before the undersigned Veterans Law Judge. The October 2017 Board hearing transcript is of record. 
In addition, during the October 2017 Board hearing, the Veteran submitted additional evidence and waived consideration of such by the Agency of Original Jurisdiction (AOJ). See 38 C.F.R. § 1304 (c) (2017). In this regard, if new evidence is submitted with or after a substantive appeal received on or after February 2, 2013, then it is subject to initial review by the Board unless the Veteran explicitly requests AOJ consideration. Here, the Veteran’s Substantive Appeal was filed in October 2014, after February 2, 2013, and the record reflects that the additional evidence was submitted by the Veteran. Nonetheless, as noted above, the Veteran also waived review by the AOJ of the additional evidence. 
However, since the August 2014 Statement of the Case issued for this appeal, other additional evidence developed by VA was associated with the claims file, to include November 2014 and September 2015 examinations for housebound status or permanent need for regular aid and attendance and VA treatment records most recently dated in December 2014. Nevertheless, in light of the favorable reopening of the claim and the remand of the claim on the merits for further development, there is no prejudice to the Veteran in this regard.
As relevant to current appeal, on November 13, 2014, the Veteran appointed Ronald C. Sykstus, an attorney, as his representative; however, on November 25, 2014, the record reflects he appointed American Legion as his representative. In July 2017 VA correspondence, the Veteran was notified his appeal was certified to the Board of Veterans’ Appeals for disposition. On November 6, 2017, the Veteran again appointed Ronald C. Sykstus as his representative and provided a statement, in part, that Mr. Sykstus had been his representative since November 13, 2014, the day he signed the first 21-22a and he never authorized any change with anyone, including the American Legion. Such was received prior to November 7, 2017, VA correspondence to the Veteran, which in part, informed him that he had 90 days from the date of the letter or until the Board issued a decision in his appeal to request a change in representation. Therefore, the Board recognizes Ronald C. Sykstus as the Veteran’s representative.
Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a back disability
In January 2006, the Veteran originally submitted a claim for entitlement to service connection for a back disability. A May 2006 rating decision denied service connection for degenerative disc disease lumbar spine status post discectomy at L4-5. Although the Veteran did not timely appeal the May 2006 rating decision, it was not final as VA received new and material evidence regarding the Veteran’s back claim within the appeal period. Specifically, in August 2006, the Veteran submitted statements from his brother and his former spouse, each of which reported that the Veteran’s back problems existed prior to 1991, at least in 1976 and 1980, respectively. Also, an August 2006 VA treatment record reported, in part, that as to the Veteran’s back disability, based on the current history, the injury while in Army could well have, and more likely than not, given the Veteran’s description, been an inciting event for the development of his degenerative disc disease. See 38 C.F.R. § 3.156 (b) (2017). As this evidence was new and material, such prevented finality from attaching to the May 2006 rating decision. 
However, in October 2008, the Veteran again submitted claim for entitlement for service connection for a back disability. Thereafter, a May 2009 rating decision properly addressed the claim on the merits, rather than as a claim to reopen, and denied service connection for degenerative disc disease of the lumbar spine, status post discectomy at L4-5. The Veteran did not appeal the May 2009 rating decision in a timely manner, and no new and material evidence was submitted within the appeal period. Thus, the May 2009 rating decision is final. 38 U.S.C. § 7105 (c) (2012); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2017). 
In July 2012, the Veteran submitted a claim to reopen entitlement to service connection for a back disability. An October 2012 rating decision denied reopening of the claim on the basis that new and material evidence had not been received. The Veteran’s appeal of this decision forms the basis of the present appeal. 
The Board must determine whether new and material evidence has been presented before it can reopen a claim to re-adjudicate the issue going to the merits. 38 C.F.R. § 20.1105 (2017). The issue of reopening a claim goes to the Board’s jurisdiction to reach the underlying claim and adjudicate the claim de novo. In other words, the Board is required to first consider whether new and material evidence is presented before the merits of a claim can be considered regardless of the AOJ’s action. See Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001).
VA may reopen and review a claim, which has been previously denied, if new and material evidence is received, or submitted by or on behalf of a Veteran. 38 U.S.C. § 5108 (2012); 38 C.F.R. § 3.156 (a) (2017). New evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156 (a). When determining whether the claim should be reopened, the credibility of the newly submitted evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510, 512-13 (1992). Additionally, the law should be interpreted to enable reopening of a claim, rather than to preclude it. See Shade v. Shinseki, 24 Vet. App. 110 (2010).
New evidence added to the record since the October 2012 rating decision, includes additional VA and private medical records, a statement from T. P. dated in July 2012, and received by VA in September 2012, November 2014 and September 2015 examinations for housebound status or permanent need for regular aid and attendance, October 2017 testimony from the Veteran, and additional statements from the Veteran. Specifically, the statement from T. P. dated in July 2012, and received by VA in September 2012, reported, in part, that in 1977 the Veteran worked for a tree trimming company and was fired from this job due to having issues with his back. Without addressing the merits of this evidence, except to note that the basis of T. P.’s knowledge is unclear, the Board finds that the new evidence goes to the issue of whether the Veteran had a back disability prior to his 1991 injury, and it is presumed credible for the limited purpose of reopening the claim. Justus, 3 Vet. App. at 512-13. 
In this regard, the May 2006 rating decision denied the claim, in part, on a finding that there was evidence of injury to the spine in July 1991 which could have caused the Veteran’s current lumbar spine condition. Similarly, the May 2009 rating decision denied the claim, in part, based on an April 2009 VA medical opinion which essentially found the Veteran’s current lumbar back disorder was less likely than not caused by or a result of the injury sustained during active as the Veteran had a significant back injury involving disc disorder in 1991, 18 years after a single injury during active service. Thus, this evidence is both new as it has not been previously considered by VA, and material, as it raises a reasonable possibility of substantiating the Veteran’s claim. Accordingly, the claim is reopened. See 38 U.S.C. § 5108; 38 C.F.R. § 3.156 (a). 
 
REASONS FOR REMAND
Entitlement to service connection for a back disability is remanded.
The claim for entitlement to service connection for a back disability having been reopened, the Board finds that additional development is required before it may be adjudicated. As an initial matter, the October 2012 rating decision and the August 2014 Statement of the Case denied reopening, finding that new and material evidence had not been submitted. Hence, as the claims were not considered on the merits on either occasion, the Board finds that the AOJ must decide the merits in the first instance so as to avoid any prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993).
Moreover, VA is obligated to obtain Social Security Administration records if there is a reasonable possibility that the records could help substantiate the claim. See Golz v. Shinseki, 590 F.3d 1317, 1322 (2010). The Veteran’s Social Security Administration records are not associated with the record nor does the record reflect an attempt has been made to obtain any such records with regard to disability benefits. The Board finds there is a reasonable possibility that any existing Social Security Administration records may be relevant to the Veteran’s claim for service connection for a back disability, as during the August 1996 Board hearing, held in connection with another claim for benefits, the Veteran testified that he received Social Security disability benefits due to his a work related injury of his back. Thus, upon remand, an attempt should be made to obtain any Social Security Administration disability benefits records. 
In addition, evidence indicates that there may be outstanding relevant VA treatment records. In October 2017 testimony, the Veteran reported that he was treated at a VA Medical Center in August 2017 for the disability on appeal; however, the most recent VA treatment records associated with the claims file are dated in December 2014. Any VA treatment records are within VA’s constructive possession, and are considered potentially relevant to the issue on appeal. A remand is required to allow VA to obtain them.
Similarly, the December 2008 spine examination report documented the Veteran received treatment for his back disability from the Baptist Montclair Hospital, located in Birmingham Alabama in 1991, and from the Woodland Hospital, located in Cullman, Alabama in 1996, however records from these providers are not of record. Most recently, in October 2017, the Veteran submitted records dated in August 2017 from Marshal Medical Center North located in Guntersville, Alabama; however, the Board is unclear if such are complete or if the Veteran has since received additional treatment. A remand is required to allow VA to obtain authorization and request these records.
Finally, any additional development should be completed, to include affording the Veteran a new VA examination for his back disability, if warranted, based on any newly obtained additional evidence.
The matter is REMANDED for the following actions:
1. Obtain and associate with the record all records pertaining to the Veteran concerning a claim for disability benefits from the Social Security Administration, to include all evidence and copies of any disability determination. Document all requests for information as well as all responses in the claims file. 
2. Obtain any and all of the Veteran’s VA treatment records (not already of record), include in August 2017, as referenced in October 2017 testimony.
3. Ask the Veteran to complete a VA Form 21-4142 for any relevant medical providers, to include records from Baptist Montclair Hospital, located in Birmingham Alabama from 1991, records from Woodland Hospital, located in Cullman, Alabama from 1996, or additional records from Marshal Medical Center North, located in Guntersville, Alabama. Make two requests for the authorized records from any identified medical providers, unless it is clear after the first request that a second request would be futile.
4. Finally, and after undertaking any other development deemed necessary, to include providing another examination if warranted based on any additional evidence received, readjudicate the issue on appeal. If the benefit sought is not granted, furnish the Veteran and his representative with a Supplemental Statement of the Case and afford them appropriate opportunity to respond before the record is returned to the Board for further review.

 
ANTHONY C. SCIRÉ, JR.
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. Espinoza, Counsel